EDISON PHONOGRAPH CO. v. HAWTHORNE & SHEBLE MFG. CO. et al.

(Circuit Court, E. D. Pennsylvania. May 2, 1901.)

No. 15.

PATENTS—SUIT FOR INFRINGEMENT—JURISDICTION OF EQUITY.

The jurisdiction of equity in the case of infringement of a patent exists only when the bill states facts upon which the right to some form of equitable relief may properly rest. Where all acts of infringement charged are in the past, and there is no allegation that their continuance is threatened or intended, the remedy at law by an action for damages is adequate.

In Equity. Suit for infringement of patent. On demurrer to bill.

Howard W. Hayes, for complainant.

E. C. Rhoads, C. A. L. Massie, and Philip Mauro, for respondents.

J. B. McPHERSON, District Judge. The demurrer specifies several objections, either to the bill as a whole or to parts of the bill; but, in the view that I think must be taken of the dispute, only one objection need be considered, namely, that the complainant has a complete and adequate remedy at law.

The facts are as follows: The complainant is now the owner of letters patent No. 386,974, originally issued to Thomas A. Edison, for improvements in phonographs. The machines themselves are manufactured by a second corporation, called the Edison Phonograph Works, and are sold by a third corporation, called the National Phonograph Company, under a license issued by the complainant, which is declared in the bill to be an "exclusive right and license to use and vend the inventions described in said letters patent." To every phonograph made under this patent is fastened a plate, upon which is inscribed, inter alia, a capital letter and a serial number; and the license made by the complainant to the National Phonograph Company provides:

"That every phonograph used or vended by the (National Phonograph Co.) shall have upon it such serial number without erasure or alteration, and that this license extends to such phonographs only so long as they severally shall have upon them said serial number without erasure or alteration; and that any phonograph, whether in the possession of the said (National Phonograph Co.) or any subsequent purchaser, the serial number upon which is erased or altered, shall no longer be licensed under said patents, and the user or vender thereof shall be an infringer of said patents covering such phonographs. And the (National Phonograph Co.) agrees to place upon every phonograph used or vended by it, a notice that such phonograph is licensed under the patents of the (Edison Phonograph Co.) only so long as the serial number upon said phonograph remains upon it without erasure or alteration."

This agreement was made in April, 1900, and the bill avers that in August of the same year an act of infringement was committed by the defendants; paragraph 10 of the bill describing the act as follows:

"That on or about the 10th day of August, 1900, the said National Phonograph Company sold a phonograph of the type known as the 'Gem, Phonograph,' theretofore made for it by the said Edison Phonograph Works under license from your orator as aforesaid; that at the time of such sale the said phonograph had securely attached to it a plate as aforesaid, having on it the date of the issue of said letters patent, the aforesaid notice, and the letter and serial number G—22,917; that the said phonograph afterwards came into the possession of the said defendants; that the said defendants thereupon caused the said serial number to be removed and obliterated from said plate and said phonograph, and afterwards, to wit, on or about the 24th day of September, 1900, used and vended said phonograph in the city of New York, in the state of New York, with the said serial number obliterated as aforesaid; that at the time the said number was obliterated, and at the time the said phonograph was sold by the said defendants, the said defendants had full knowledge of the conditions aforesaid upon which the said phonograph was manufactured and sold under the said license from your orator."

In addition to this charge, paragraph 11 of the bill makes a further averment:

"And your orator further shows that the defendants, and others acting in concert with them, well knowing the premises, since the grant of said letters patent, and since the date of the assignment last mentioned, within the Southern district of New York and elsewhere in the United States wrongfully and unlawfully, and with intent to injure your orator and to deprive it of the just profits resulting from said inventions, and without the license or consent of your orator, have sold and used phonographs substantially as described in said letters patent, and particularly such as pointed out in claims numbered 9, 11, 13, 14, 15, 24, 27, and 28 of letters patent No. 386,974, thereby infringing the exclusive rights of your orator, and have derived, and still are deriving and receiving, great gains and profits from such unlawful use, but to what extent your orator is ignorant, and cannot set forth."

These are the two charges made against the defendants, and I think it is apparent that for such grievances the complainant has an adequate remedy at law. They have already been committed by the defendants, and no averment is to be found, either in the paragraphs quoted or elsewhere in the bill, that the defendants intend to repeat the acts, which, for the present, may be described as acts of infringement. The complainant does not even inform us in what business the defendants are engaged, so that no inference as to their future conduct can be drawn from their occupation, if such an inference be at any time permissible. It is well settled that the jurisdiction of equity in the case of infringement of letters patent exists only when the bill states facts upon which the right to some form of equitable relief may properly rest. For infringement merely the remedy at law is complete and adequate: Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975. In the present case, although the bill prays for an injunction to restrain the defendants from future acts, there is no averment in the bill by which the prayer can be supported. The charges all refer to acts in the past, and for acts in the past a verdict for damages is a full and sufficient remedy.

The demurrer is sustained, and the bill is dismissed, at the costs of the complainant