## WESTON ELECTRICAL INSTRUMENT CO. v. VALLEE BROS. ELECTRICAL CO.

(Circuit Court, D. New Jersey. May 12, 1906.)

PATENTS—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

A bill for infringement of a patent which charges past infringement only and contains no allegation of present or threatened infringement, does not state a case within the jurisdiction of a court of equity, when taken in connection with a plea denying any infringement since more than a year prior to the filing of the bill, and with the fact that the patent expired before the hearing.

In Equity. On bill and plea.

Alan D. Kenyon, for complainant.
Joseph C. Fraley, for defendant.

LANNING, District Judge. The bill of complaint in this case was filed August 16, 1905. It alleges infringement by the defendant of two patents, Nos. 392,387 and 497,482, capable of conjoint use, and actually so used by the complainant; that both of the patents have been sustained by the United States Circuit Court for the Southern District of New York; and that the defendant, in violation of the complainant's rights, has made, used, and sold electrical measuring instruments and shunts for electric light and power stations similar in some or all of the material parts thereof to the improvements set forth in the patents. The prayer of the bill is for an accounting and for a preliminary and also a permanent injunction.

The plea was filed within the time required by the rules of practice, and on the very day that one of the patents expired. It denies that the defendant has made any instruments or shunts of the kind described in the bill, and declares that the only electrical measuring instruments and the only shunts for electric light and power stations which it has procured, used, sold, or offered for sale, were purchased by it from the Cutter Electrical & Manufacturing Company, which was the selling agent of the Keystone Electrical Instrument Company, the manufacturer of the instruments; that injunctions were issued, in suits instituted by the complainant, against the Keystone Electrical Instrument Company and the Cutter Electrical & Manufacturing Company in April, 1904, on one of the patents, and against the Keystone Electrical Instrument Company on the other of the patents in August, 1904; and that it has not made, procured, used, sold, or offered for sale, any electrical measuring instruments or shunts in

any way relating to either of the patents or alleged to infringe thereon since June 22, 1904, on or about which day the complainant released the Cutter Electrical & Manufacturing Company from all claims for profits and damages, and on or about which day the complainant was informed by the Cutter Electrical & Manufacturing Company that the defendant had been a purchaser from it of electrical measuring instruments and shunts.

The question raised by the plea is whether the case is a proper one for equity jurisdiction. If the record of the case as it now stands shows that the complainant is entitled to injunctive relief, the bill should be retained and the defendant be required to account for profits and damages in order that complete relief may be administered. But the bill contains no allegation whatever that the defendant at the time of the filing of the bill was infringing or threatened to infringe either of the patents except in the eleventh clause where it is declared that "the said defendant has made, used, and sold, and is making, using, and selling, the said inventions in conjoint use in one and the same apparatus in the manner hereinafter described." Every subsequent allegation of the bill concerning alleged infringement however relates to the past. There is not even an allegation that the defendant had in its possession at the time the bill was filed any instruments of the kind therein described. These facts, and the fact that the plea denies that the defendant ever made any such instruments, or that it sold or dealt in such instruments for more than a year before the bill was filed, show that the case is not one for a preliminary injunction. And, inasmuch as one of the patents expired before the complainant could secure a final hearing, no ground for relief by permanent injunction now exists. The result is that the plea must be sustained. This conclusion, I think, is in harmony with the doctrine of the following cases: Edison Phonograph Company v. Hawthorne & Sheble Manufacturing Company (C. C.) 108 Fed. 630; McDonald v. Miller (C. C.) 84 Fed. 344; American Cable Railway Company v. Chicago City Railway Company (C. C.) 41 Fed. 522.

I have not overlooked the fact that a similar plea was recently overruled in the case of Western Electrical Instrument Company v. W. R. Garton Company by the Circuit Court for the Northern District of Illinois. A copy of the record of that case has been furnished to this court, but no opinion seems to have been filed in it and this court is uninformed as to the facts which influenced that court in making its order.

The plea will be sustained, and the bill dismissed for want of jurisdiction.