## KITTLE v. DE GRAAF and others.

*(Circuit Court, S. D. New York.* May 7, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—EXPIRATION OF PATENT.

It is no ground for a demurrer to a bill for infringement of a patent that the patent, at the time of filing the bill, had only 21 days to run, when by the rules of courts an injunction if applied for, could have been granted within 4 days, and would thus have had 17 days to run.

In Equity. Demurrer to bill.

*James P. Foster* and *Charles N. Judson*, for complainant.

*James A. Whitney* and *Frederick A. Burnham*, for defendants.

Coxe, J. This is an equity action for infringement. The bill, *mutatis mutandis*, is in the usual form. The principal grounds of demurrer are— *First*, that equity has no jurisdiction, for the reason that the action was commenced 21 days prior to the expiration of the patent, and the complainant has ample remedy at law; *second*, that it appears from the bill that the complainant has been guilty of laches in asserting his rights.

As the patent in question, and the conduct of the complainant, which is now the subject of criticism, were recently examined by this court in *Kittle* v. *Hall*, 29 Fed. Rep. 508, care should be taken not to confound what was proved in that action with what is alleged in this. The present controversy should be confined strictly to the averments of the bill, and every reasonable inference must be permitted in their support. *Lorillard* v. *Clyde,* 86 N. Y. 384, 389.

The question to be determined is, does the bill upon its face show that the court is without jurisdiction? or, stated in another form, did the bill, when placed upon the files of the court, present a case upon which, if uncontradicted, the complainant would be entitled to the relief prayed for? It was conceded on the argument that the fact that the patent expired three weeks after the commencement of the action was not alone sufficient to oust equity of jurisdiction. By rule 36 of this court, notices of motion are to be served at least four days before the hearing. It is entirely clear, therefore, that, had a notice of motion for a preliminary injunction been served with the subpœna and bill, an injunction might have been granted, and, if the defendants had not appeared, it probably would have been granted, and would have remained in force for a period of 17 days. A case can easily be imagined where the protection of an injunction, even for so short a period, would be of vital importance.

As the allegations of the bill entitled the complainant to equitable relief at the time the action was commenced, though only for a short period and on narrow grounds, the cause should not now be dismissed.

It is thought that the doctrine laid down in *Clark* v. *Wooster*, 119 U. S. 322, 7 Sup. Ct. Rep. 217, is conclusive of the present controversy.

In that case the patent expired 15 days after the bill was filed. The court, at page 325, say:

"If the case was one for equitable relief when the suit was instituted, the mere fact that the ground for such relief expired by the expiration of the patent would not take away the jurisdiction, and preclude the court from proceeding to grant the incidental relief which belongs to cases of that sort. This has often been done in patent causes, and a large number of cases may be cited to that effect; and there is nothing in the decision in *Root* v. *Railway Co.*, 105 U. S. 189, to the contrary."

In order to maintain the proposition that the complainant has been guilty of such laches as to deprive him of equitable relief, the bill is interpreted as alleging that the defendants' infringement was open and continuous from the date of the patent to the commencement of the action. It is sufficient, upon this branch of the cause, to say that it is thought that this is not a fair construction of the bill. *Kaolatype Co.* v. *Hoke*, 30 Fed. Rep. 444. It may be that the proof will disclose facts that will require a dismissal of the bill upon this ground, but there is not sufficient now before the court to justify such action.

The demurrer is overruled, the defendants to answer in 20 days.