BRADNER ADJUSTABLE HANGER CO. v. WATERBURY BUTTON CO.

(Circuit Court, S. D. New York. January 5, 1901.)

1. INFRINGEMENT OF PATENT—EQUITY JURISDICTION.

The fact that, at time of suit brought to restrain infringement of a patent, the infringement had ceased, and the patent expired soon after the suit, without application for injunction, was brought, did not take away jurisdiction in equity, and leave plaintiff only to his remedy at law for damages.

2. SAME.

Farnum patent, No. 213,642, for an improvement in ball toys, *held* infringed by Shattuck patent, No. 485,713.

W. B. Hutchinson, for plaintiff.
A. C. Paul, for defendant.

WHEELER, District Judge. This suit is founded upon patent No. 213,642, dated March 25, 1879, and granted to Walter H. Farnum for an "improvement in ball toys." The invention consists in arranging differential pulleys on a shaft fixed in a hollow ball or other case, with strings from them protruding, by pulling which the ball or case can be made to go up or down or along, as if on one string. The claims appear to well cover this invention. Patent No. 485,713, dated November 8, 1892, was granted to William P. Shattuck for a toy consisting of a case, preferably representing the body of a living creature, having differential pulleys, with cords from them protruding, by which the case can be made to move as if upon one string, and with cords connecting by an eccentric the pulleys, with representations of arms and legs of the creature, giving the motions as if climbing or moving along one cord. The defendant, under a license from the owner, appears to have made and sold "climbing monkeys," according to the Shattuck patent, from June 1, 1894, to November 1, 1895, and this suit to have been commenced December 1, 1895, without any application for a preliminary injunction. The defendant insists that as infringement, if any, ceased before suit brought, and the patent expired so soon after, without application being made for an injunction, there remained no jurisdiction in equity, but the remedy, which could only be for damages, would be exclusively at law. But the defendant had done what is complained of, and might do so more within the life of the patent, which could be restrained by injunction. There was jurisdiction in equity for that relief, which was not lost because it was not required. Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392.

Several descriptions of old and prior things and earlier patents have been put in evidence as anticipations. Differential pulleys used for

increasing power for raising or pulling were well known; and toys with curious motions, given by protruding cords working within, had been patented, but none of them had such pulleys and cords in combination with a hollow ball, or the case of a toy, to make it move as if upon one string. The pulleys, cords, and cases of toys, round or of other shape, were all old. The toy made by combining them was new, and the contriving of them into that combination is this invention. It seems to have involved an exercise of ingenuity, more than merely mechanical, and to amount to a patentable invention. Shattuck appears to have adopted it to make the case of his toy move, as that of Farnum's did, and to have added·to it to make arms and legs corresponding to the body-shaped case move, as if climbing the cord. It is urged that Shattuck produced a new toy different from Farnum's, and that so his toy does not infringe Farnum's patent. If he had made a new arrangement for moving the case by adding to or changing Farnum's combination, this might have been true. Railway Co. v. Sayles, 97 U. S. 554, 24 L. Ed. 1053. But he took Farnum's toy to improve upon, and, although his improvement was patentable, the use of Farnum's invention in his improved toy would be, to that extent, an infringement, for which the user would be liable.

The statute requires the marking of "any patented article," or notice of the infringement, in order to recover damages. Rev. St. § 4900; Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426. It is conceded that the plaintiff, before this infringement, made and sold adjustable lamp hangers, having differential pulleys within the cases, with protruding cords, controlling their motion up and down, according to patents Nos. 415,896 and 415,897, dated November 26, 1889, and granted to William F. Bradner, without marking them "Patented," or with the date of the Farnum patent. This is relied upon as defeating any right to damages. No. 415,896 shows two cords protruding from the pulleys upward, and one downward; and No. 415,897, one upward and one downward; and the specification of the latter refers to the Farnum patent, and distinguishes the invention from that. These lamp hangers were not toys, and in operation they differed from Farnum's invention, and do not appear to have been the "patented" articles of his patent. No acquiescence in this or other infringements is shown, or other laches made to appear.

According to these views, the plaintiff is entitled to an account and recovery of the profits due to the use of the Farnum patented invention in exploiting Shattuck's. Decree for plaintiff.