KING v. SMITH et al.

(Circuit Court of Appeals, Ninth Circuit. August 19, 1901.)

No. 700.

1. WRIT OF ERROR—REVIEW OF EVIDENCE.

The question whether there was any evidence before the circuit court in an action at law having a legal tendency to prove the facts found by it may be considered on writ of error, this being a question of law.

2. GIFT—DELIVERY.

It is immaterial that delivery to a donee is while the donor is unconscious; he having, while capable of transacting business, and for the purpose of consummating the gift, directed the delivery to be made.

In Error to the Circuit Court of the United States for the Northern District of California.

Wm. M. Cannon and Whitworth & Shurtleff, for plaintiff in error. Galpin & Bolton and L. S. B. Sawyer, for defendants in error.

Before GILBERT, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

DE HAVEN, District Judge. This was an action at law, in the form of replevin, to recover 190 bonds of the California & Nevada Railroad, of the alleged value of $50,000. A jury trial was expressly waived by the parties, and the cause was tried by the circuit court without a jury, and upon such trial the court found:

"(2) The plaintiff on the 26th day of September, 1900, was, ever since has been, and still is the owner and entitled to possession of the property described in the complaint; and said property was at all of said dates and times of the value of forty-seven thousand five hundred dollars ($47,500). The defendants at all said dates and times unlawfully withheld and now retain the possession of said property described in plaintiff's complaint from the possession of the plaintiff."

As a conclusion of law from this and other findings not necessary to refer to, the court found that the plaintiff was entitled to recover from defendants the possession of the bonds described in the complaint, and judgment was thereupon entered in his favor and against the defendants in accordance with such conclusion of law. The case is brought here on writ of error by the defendant C. K. King, as administrator of the estate of J. W. Smith, deceased. There are 15 formal assignments of error, all directed against the findings of fact, and the judgment based upon such findings. With the exception of the first, relating to the citizenship of the parties, and which is not insisted upon by the plaintiff in error, the assignments of error really present but two questions, stated in different form; one challenging the legal sufficiency of the evidence to justify the finding above set out, and the other the sufficiency of the findings to sustain the judgment. There is in the record a bill of exceptions containing the evidence given upon the trial, and which also shows that an exception to the above finding was taken by the plaintiff in error, upon the ground of the insufficiency of the evidence to support it. One of the assignments of error, and the only one which need be noticed, is as follows:

"That the court erred in finding that the evidence was sufficient to show that plaintiff was at any of the times mentioned in the complaint the owner

or entitled to the possession of the property described in the complaint, or any part thereof."

1. It is urged by the defendant in error that this assignment of error presents a question of fact, which this court has no power to review, and, as we understand the argument, that the evidence contained in the bill of exceptions cannot be examined for the purpose of determining whether the finding excepted to is sustained by any legal evidence. We do not understand that the rule is as broad as this contention. The finding that the plaintiff in the action is the owner and entitled to the possession of the property described in the complaint is clearly a general finding of the ultimate facts of ownership and right of possession, and is conclusive here, unless there was an entire want of evidence upon which to base it. The seventh amendment to the constitution declares that:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

Section 649, Rev. St., provides:

"Issues of fact in civil cases in any circuit court may be tried and determined by the court, without the intervention of a jury, whenever the parties or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

The findings of the court, when a jury has been waived, having, under the statute, the same effect as the verdict of a jury, it follows that such findings cannot be otherwise re-examined "than according to the rules of the common law"; that is to say, "either by the granting of a new trial by the court where the issue was tried, or to which the record was returnable, or by the award of a venire facias de novo by an appellate court, for some error of law which intervened in the proceedings." Parsons v. Bedford, 3 Pet. 433, 7 L. Ed. 732; Miller v. Insurance Co., 12 Wall. 285, 20 L. Ed. 398. Hathaway v. Bank, 134 U. S. 494, 10 Sup. Ct. 608, 33 L. Ed. 1004, was an action at law tried by a United States circuit court without a jury, and brought to the supreme court on writ of error. Some of the assignments of error assailed certain findings of the court as not sustained by the evidence, and in passing upon the question so presented the supreme court said:

"The first three assignments of error allege errors merely in the findings of fact by the court. These errors are not subject to revision by this court if there was any evidence upon which such findings could be made."

In Stanley v. Board, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000, —a case in which the same question was involved,—the rule, without its qualification, was thus stated by the supreme court:

"Where a case is tried by the court without a jury its findings upon questions of fact are conclusive here, it matters not how convincing the argument that upon the evidence the findings should have been different."

See, also, Ryan v. Carter, 93 U. S. 78, 23 L. Ed. 807; Hepburn v. Dubois, 12 Pet. 345, 9 L. Ed. 1111; Zeller's Lessee v. Eckert, 4 How. 289, 11 L. Ed. 979.

The law as declared in the foregoing cases is the rule by which this court must be governed in the matter now before it. The judgment of a circuit court of the United States in an action at law can only be reviewed in the circuit court of appeals by writ of error. Section 6 of the act of March 3, 1891, establishing circuit courts of appeals (26 Stat. 826). This writ brings up for review only errors of law apparent on the face of the record; and for this reason, and also because of the seventh amendment to the constitution, and section 649 of the Revised Statutes, the circuit court of appeals, in the decision of a case on writ of error, is necessarily confined to the consideration of questions of law arising upon the record. Hill v. Woodberry, 1 C. C. A. 206, 49 Fed. 138; Graham v. Earl, 34 C. C. A. 267, 92 Fed. 155; Syracuse Tp. v. Rollins, 44 C. C. A. 277, 104 Fed. 958. This rule, however, when properly understood, does not deny to that court the right to inquire whether there is any evidence to support a finding; for when a fact is found upon no evidence whatever, and the record shows that the finding was excepted to upon that ground, an error of law is presented. The Francis Wright, 105 U. S. 381, 26 L. Ed. 1100; The City of New York, 147 U. S. 72, 13 Sup. Ct. 211, 37 L. Ed. 84; Laing v. Rigney, 160 U. S. 531, 16 Sup. Ct. 366, 40 L. Ed. 525; Mason v. Lord, 40 N. Y. 476. In the case last cited it was said by Grover, J.:

"An appeal to this court can only be taken upon the law. The question, then, is whether finding a fact without any evidence to sustain it is an error of law. The statement of the question would seem to suggest the answer: A finding of facts must always be based upon evidence, and, where none is given tending to show an affirmative fact, it is contrary to law to find such fact against a party traversing it."

The Francis Wright, 105 U. S. 387, 26 L. Ed. 1101, was a cause in admiralty, and it was held in that case that the act of February 16, 1875 (18 Stat. 315), limited the appellate jurisdiction of the supreme court in admiralty causes to a review of "questions of law arising on the record." The court, however, added:

"It is undoubtedly true that if the circuit court neglects or refuses, on request, to make a finding one way or the other on a question of fact material to the determination of the cause, when evidence has been adduced on the subject, an exception to such refusal, taken in time, and properly presented by a bill of exceptions, may be considered here on appeal. So, too, if the court, against remonstrance, finds a material fact which is not supported by any evidence whatever, and exception is taken, a bill of exceptions may be used to bring up for review the ruling in that particular. In the one case the refusal to find would be equivalent to a ruling that the fact was immaterial; and in the other, that there was some evidence to prove what is found, when in truth there was none. Both these are questions of law, and proper subjects for review in an appellate court."

The supreme court, in Hepburn v. Dubois, 12 Pet. 345, 9 L. Ed. 1111, in discussing the effect of a verdict, and to what extent the evidence upon which it was based may be considered upon a writ of error, said:

"That, where the evidence in a cause conduces to prove a fact in issue before a jury, it is competent in law to establish such fact. A jury may infer any fact from such evidence which the law authorizes a court to infer on a demurrer to the evidence. After a verdict in favor of either party on

the evidence, he has a right to demand of a court of error that they look to the evidence only, for only one purpose, and with the single eye to ascertain whether it was competent in law to authorize the jury to find the facts which make out the right of the party on a part or the whole of his case."

And in Laing v. Rigney, 160 U. S. 531, 16 Sup. Ct. 366, 40 L. Ed. 525, the judgment of the supreme court of New York was reversed on error because a material fact upon which the judgment was based was without any evidence to sustain it. We think, therefore, that, upon the exceptions to the findings and the assignment of error above set out, we can look into the bill of exceptions for the purpose of ascertaining whether there was any evidence before the circuit court having a legal tendency to prove the facts found by that court. The matter in issue related to the ownership of the bonds described in the complaint. The defendant in error claims title by gift from his deceased father, J. W. Smith. The plaintiff in error contends that no such gift was ever made, and claims the bonds as the administrator of the estate of the said J. W. Smith. The evidence contained in the bill of exceptions shows that at the time the gift is alleged to have been made on August 15, 1895, the bonds were held by Abner Doble in escrow, under an agreement by which they were to be delivered to one F. M. Smith upon payment of a stipulated sum of money. The rights of F. M. Smith under this agreement expired October 25, 1895. Of course, during the time they were in escrow there could be no manual delivery of the bonds to the defendant in error, and the evidence shows they were not in fact delivered to him by Doble until November 14, 1895. J. W. Smith, the alleged donor, died on November 15, 1895, and for a day or two previous to his death was unconscious. In support of his title the defendant in error offered in evidence a bill of sale to himself of the bonds in question, dated August 15, 1895, with proof tending to show that the same was signed and delivered to him by J. W. Smith. This instrument recited that the bonds were sold to the defendant in error "subject to the option given to F. M. Smith, which I also assign to C. H. Smith." Upon the question of the delivery of the bonds, Doble testified, in substance, that it was his impression that J. W. Smith, a short time before his death, told him that they belonged to the defendant in error, and to deliver the same to him, and the witness added, "I think that conversation was the groundwork of my delivering the bonds to his son." In addition to this, other witnesses testified to declarations made by J. W. Smith during his last sickness, and after August 15, 1895, to the effect that he had given the bonds to the defendant in error. It cannot be said that this evidence has no legal tendency to prove a gift of the bonds to the defendant in error. The fact that they were actually delivered to him while the donor was in a state of unconsciousness does not affect the question, if in fact the direction to deliver them to the defendant in error was given by the donor while he was capable of transacting business, and for the purpose of consummating the gift. Our conclusion upon this point is that there was evidence tending to show that defendant in error is the owner of the bonds in controversy, and that he acquired title thereto by gift from his father.

2. The findings are sufficient in law to support the judgment. This is so clear that no discussion of the question is necessary. The judgment of the circuit court is affirmed. The mandate to issue forthwith.