GILMORE v. McBRIDE.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1907.)

No. 1,348.

1. WRIT OF ERROR—REVIEW—VERDICT OF JURY.

On a writ of error to a federal court in an action at law, where the evidence was conflicting, the verdict is conclusive in the appellate court on every question of fact embraced within the issues submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3935–3937.]

2. ATTORNEY AND CLIENT—SUIT BY ATTORNEY FOR SERVICES—NOTICE OF LIEN AS ADMISSION OF VALUE.

In an action by an attorney to recover a reasonable fee for services rendered in conducting an action, the fact that plaintiff filed a notice claiming a lien in such action is not a conclusive admission on his part that the value of his services did not exceed the sum claimed in such notice, but the question of the weight to be given to such notice as an admission is one for the exclusive determination of the jury under all the evidence in the case.

3. SAME—EVIDENCE OF VALUE OF SERVICES—VALUE OF PROPERTY INVOLVED IN SUIT.

In determining the reasonable value of services rendered by an attorney, it is proper to consider the value of the property in litigation, and

where such property consisted of an interest in a mining claim which was recovered by the attorney for his client, in a subsequent action by him to recover for his services, evidence is admissible to show the market value of such interest, not only when recovered, but also up to the time of trial, if still owned by defendant, as well as the amount he has actually received as his share of the proceeds of the working of the claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 370.]

**4.** APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

Errors in permitting a witness to testify to values without his competency having been shown, and in stating facts from hearsay, were harmless and not ground for reversal of the judgment, where the competency of the witness was shown on his cross-examination, and the facts to which he testified upon hearsay were corroborated by the testimony of the adverse party.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

A. G. McBride (C. S. Johnson and A. J. Daly, of counsel), for plaintiff in error.

Charles Page, Edward J. McCutchen, and Samuel Knight, for defendant in error.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

DE HAVEN, District Judge. This was an action at law to recover the value of services alleged to have been rendered to the defendant by the plaintiff as an attorney, in an action brought by the defendant to recover an undivided interest in a mining claim known as the "Daisy Placer Claim," situate in Nome mining district, Alaska. The complaint alleges that the reasonable value of the services so rendered was, and is, $2,500; that $644.75 has been paid on account thereof, leaving a balance of $1,855.25 due to plaintiff.

The answer put in issue the allegations of the complaint, and, in addition thereto, alleged that defendant did not employ plaintiff alone to conduct the litigation referred to in the complaint, but employed the firm of Davis & Gilmore for that purpose; that plaintiff was a member of that firm; that the agreement between defendant and said firm, in relation to such employment, was that the firm was to be paid a reasonable fee to be fixed by the defendant; that the amount of such fee was fixed by the defendant in the sum of $500; that plaintiff was paid $144.75 in excess of that amount; and defendant by way of counterclaim demanded a judgment against plaintiff for said sum of $144.75.

The case was tried by a jury, and a verdict rendered in favor of the plaintiff for the sum of $1,605.25, and for this amount and costs judgment was thereupon given in favor of the plaintiff. The cause is brought here by the defendant on writ of error.

1. It is most earnestly insisted by the plaintiff in error that the verdict is against the evidence. But the rule is:

"Unless there is an entire want of evidence upon which to base the verdict returned by the jury, such verdict is conclusive here as to every fact embraced within the issues submitted to the jury for decision. This results from the well-settled rule that on a writ of error the appellate court can only con-

sider errors of law, and that the review under such a writ does not extend to matters of fact." Graham v. Earl, 92 Fed. 155, 34 C. C. A. 267.

See, also, Zeller's Lessee v. Eckert, 4 How. 289, 11 L. Ed. 979; King v. Smith, 110 Fed. 95, 49 C. C. A. 46, 54 L. R. A. 708; Parsons v. Bedford, 3 Pet. 433, 7 L. Ed. 732.

In this case there was a sharp conflict in the evidence as to the terms of the contract, under which the plaintiff rendered the services referred to in the complaint, and a like conflict upon the issue whether the plaintiff was alone retained by the defendant, or whether the firm of Davis & Gilmore was employed, and also as to the reasonable value of the services rendered by the plaintiff.

The case, then, upon the record before us, is not one in which there is no evidence at all to sustain the verdict, and, under the law as above stated, "the verdict is conclusive here as to every fact embraced within the issues submitted to the jury for decision." The case of Central Railroad v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915, cited by the plaintiff in error, in which the Supreme Court reduced the amount allowed by the Circuit Court to an attorney as a fee, does not sustain his contention that this court may, upon its own view of the evidence, determine whether the fee allowed to the plaintiff by the verdict was a reasonable one or not, and also whether the jury ought not to have found in favor of the plaintiff in error upon the other issues. The case cited was an equitable action, and cases in equity are heard in the appellate court upon the evidence; but, in an action at law, the rule is otherwise; and when, as here, the evidence is conflicting, the verdict must be accepted as a correct determination of the issues of fact.

The fact that, after the trial of the action in which the services here sued for were rendered, the plaintiff and an attorney whom he had employed to assist him filed a notice claiming a lien in the sum of $1,000, "for fees and services together with expenditures on account of costs and disbursements," made by him in that action, was not a conclusive admission upon the part of the plaintiff that the value of his services, and the costs and disbursements made by him in that action, did not exceed the sum of $1,000. The question of the weight to be given this notice as an admission against the claim made by the plaintiff in this action was one for the exclusive determination of the jury, and to be decided by them in view of the reasons given by the plaintiff for filing said notice, and the other evidence in the case; and, in submitting that question, the court properly instructed the jury:

"That the plaintiff is not limited in the amount he may recover, if the evidence warrants a recovery for more, by the amount set forth in the so-called attorney's lien filed by him, but you must be guided to a conclusion by what in your opinion, from the examination of all the evidence in the case, including the evidence of the filing of the lien, is a reasonable and fair compensation for the services rendered by the plaintiff for the defendant."

2. Evidence of the market value of the Daisy placer claim at various times between the date of the commencement of the action of McBride v. McCoy et al., in the year 1901, down to the date of the trial of the case at bar, was admitted, and also evidence in relation to the value of the gold received by the plaintiff in error during the same time, as his

share of the gold taken from that mine. The admission of this evidence is assigned as error, but we think it was relevant as bearing upon the question of the reasonable value of the plaintiff's services.

In determining the reasonable value of services rendered by an attorney, it is certainly proper to consider the value of the property in litigation, and the consequent pecuniary benefit realized by the client as the result of the attorney's skill and labor. We do not agree with the plaintiff in error that such evidence should be confined to the date of the rendition of the judgment in which the property was recovered, but the inquiry may take a wider range, and include its value at the time of the trial, if still owned by the defendant. In other words, in such a case, the present value of the property recovered is not too remote for the consideration of the jury. It tends to show the benefit which the defendant has actually received as the result of the attorney's services, an inquiry which we think is always open, so long as the amount of the fee remains to be settled.

3. While giving his testimony, the plaintiff was asked the following question by his counsel: "What was the current value for the Daisy claim for the year 1901?" This was objected to, upon the ground that the witness had not shown himself qualified to state. The objection was overruled. Defendant excepted, and witness answered that its value in 1901 was $100,000; that he thought it could have been sold for that sum easily. And in answer to the question: "What has been taken out of the property since that time, if you know?" the witness proceeded to state what had been told him in relation to that matter, by a Mr. Orton, the acting manager of the claim. Objection was made to his giving evidence of what had been told him by Mr. Orton, in relation to such receipts. The objection was overruled, and the plaintiff answered that he had been told by Mr. Orton that $130,000 was taken from the claim in cleaning up in the spring. In overruling these objections, the court erred, but the errors were without prejudice to the defendant, for upon the cross-examination of the witness it was shown that he possessed sufficient knowledge to entitle him to give testimony in relation to the value of the claim; and the error in permitting the plaintiff to testify as to what Orton had told him about the amount of gold taken from the mine was cured by the deposition of defendant, in which he stated that his share of the output of the mine for the year referred to was about $4,000. This, of course, was net, and, as defendant's interest was $1/24$, his testimony was substantially the same as the hearsay evidence to which objection was made.

4. There are 46 assignments of error in the record, but the foregoing opinion covers all which in our opinion require any extended discussion by us.

The jury were fully and fairly instructed in relation to all of the issues, and no error was committed by the court in its refusal to give any instruction requested by the defendant not covered by the charge actually given.

We find no error in the record.

Judgment affirmed.