### W. W. SLY MFG. CO. v. CENTRAL IRON WORKS.

(Circuit Court of Appeals, Seventh Circuit.   October 8, 1912.)

#### No. 1,861.

1. PATENTS (§ 288*)—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

 If it appears that there was no right to an injunction at the time of the commencement of a patent suit, and that the patent will expire before there can be a hearing on the merits, the remedy at law is adequate and a court of equity is without jurisdiction; but, if facts existed when the suit was commenced which might sustain an injunction, the question is not then one of jurisdiction, but of discretion in the exercise of jurisdiction.

 [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460–466; Dec. Dig. § 288.*]

---

**2. Patents (§ 313\*)—Suit for Infringement—Equity—Jurisdiction.**

That a bill charges conjoint infringement of two patents, and that as to one equity is without jurisdiction because of its expiration within a very short time, does not require the dismissal of the bill as to the other for want of jurisdiction.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 313.\*]

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of Illinois; J. Otis Humphrey, Judge.

Suit in equity by the W. W. Sly Manufacturing Company against the Central Iron Works. Decree for defendant, and complainant appeals. Reversed.

The bill was dismissed for want of equity jurisdiction, and complainant appeals. It is a suit brought December 12, 1910, on two patents, one having 56 days to run, and the other several years. Defendant was charged with infringing the claims of patent No. 514,097, expiring February 6, 1911, and the single claim of patent No. 703,313, expiring June 24, 1919. Service of subpœna was made December 13, 1910, appearance of defendant filed before the expiration of the earlier patent, and answer filed February 6, 1911, being the last day of the patent term. The answer denies novelty and usefulness of the alleged inventions, alleges anticipation, prior knowledge, and use, and denies infringement.

It is stated in the bill that the improvements claimed in the two patents are capable of being conjointly used, and have been so used by complainant in the making, use, and sale of machines covered by the first patent. A prior adjudication of the federal Circuit Court for the Northern District of Ohio sustaining the second patent is also averred. Temporary and permanent injunctions and an acounting and damages are prayed. The case was put at issue February 16, 1911, and on August 4, 1911, an ex parte order was made, on motion of complainant, extending the time to take testimony 90 days. Defendant filed a motion August 9, 1911, to set aside this order, but on August 8th complainant served a notice that it would examine witnesses on August 11th. It was stipulated that the time for hearing the motion to set aside the extension order should be postponed to September 11, 1911. The motion was heard on affidavits, showing that the delay in taking testimony was due to the pendency of the suit in Ohio referred to in the bill, in which suit the bill of complaint had been dismissed by the circuit court, but was decided in favor of complainant by the Circuit Court of Appeals of the Sixth Circuit July 12, 1911.

The motion to set aside the order of extension was heard September 20, 1911, when the court vacated such order, and made a final decree dismissing the case for want of jurisdiction. The present appeal was taken from this decree.

J. B. Hull, of Cleveland, Ohio, and Robert H. Parkinson, of Chicago, Ill., for appellant.

Thomas A. Banning, of Chicago, Ill., and Howard G. Cook, of St. Louis, Mo. (George F. Haid, of St. Louis, Mo., of counsel), for appellee.

Before SEAMAN and KOHLSAAT, Circuit Judges, and SANBORN, District Judge.

\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

· SANBORN, District Judge (after stating the facts as above). [1] The ground upon which the bill was dismissed is thus stated in the brief for appellee:

"The court below became convinced that appellant was not entitled to equitable relief by way of a preliminary injunction, and that it could not, under the usage and practice of courts of equity, properly assume jurisdiction of the cause, especially as to claim 1 of patent 514,097, with which the remaining claims of said patent and patent 703,313 were inseparably joined by the thirteenth paragraph of the bill, so that, if the court could not properly assume equitable jurisdiction of claim 1 of patent 514,097, it could not, under the sole allegation of conjoint infringement of both of the patents and of all the claims inseparably and indistinguishably, retain jurisdiction of the remaining claims of the two patents involved, for that would have left the bill defective, in that there would then have been no proper allegation of infringement of such remaining claims, and so the court below quite properly dismissed the bill in its entirety."

It thus appears that the suit was dismissed, not on account of want of jurisdiction over the parties or subject-matter, but for the supposed lack of equity jurisdiction. It was supposed because a court of equity will not usually grant a preliminary injunction in the case of a patent about to expire the jurisdiction in equity was thereby affected.

It is the common practice to dismiss bills brought upon patents about to expire, when it clearly appears that no right to a preliminary injunction existed at the time the bill was filed. Many of the cases are cited in the briefs, the leading one being Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392. Equity jurisdiction in patent cases depends on the right to an injunction at the time suit is commenced. If it appears, therefore, that no facts then existed supporting the right to an injunction, and that the patent sued on will expire before any final decree can be made, the remedy at law is entirely adequate, and the equity suit, since it can avail nothing, must be dismissed because there is no equity jurisdiction. If, however, facts existed when suit was commenced which might, in any view, sustain an injunction, the question is not then one of jurisdiction, but one of discretion in the exercise of jurisdiction. This distinction is explained in Babcock v. Farwell, 245 Ill. 14, 33, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74, and was applied to a case quite different from this by this court, in Chicago Title & Trust Co. v. Newman, 187 Fed. 573, 109 C. C. A. 263.

[2] The view taken by the trial court was that, no right to a temporary injunction under the first patent appearing; the case upon both patents should be dismissed because of the allegation of conjoint infringement under a claim which might sustain an injunction and others which could not. Even in this view, the question presented was not one of equity power, but merely a suggestion whether the bill should not be amended so as to claim an injunction under the second patent alone. Defendant (under the allegations of the bill), by making and sale of a machine, was taking property rights secured to complainant by two patents, which were conjointly used by complainant. Clearly it is not an abandonment of the right to an injunction for com-

plainant to allege that the improvements described in both patents are conjointly used. This allegation was made to justify joinder of the two patents in one suit, and should not be deemed to destroy the most important remedy given by the patent law, the writ of injunction.

The decree is reversed, with direction to proceed in any manner not inconsistent with this opinion.

Reversed.