STROMBERG MOTOR DEVICES CO. v. HOLLEY BROS. CO. et al.

(District Court, E. D. Michigan, S. D.   July 16, 1919.)

No. 275.

1. EQUITY ☞363—PLEADING—MOTION TO DISMISS.
  Under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), all well-pleaded allegations of fact in a bill are admitted on motion to dismiss, and hence grounds for dismissal based on allegations of fact contradictory to positive averments in the bill cannot be considered.

2. PATENTS ☞287—INFRINGEMENT—PERSONS LIABLE—CORPORATE OFFICERS.
  The mere fact that the only acts of the individual defendants in manufacturing, selling, or using infringing devices were performed by them as officers or directors of the defendant corporation, does not necessarily relieve them from liability for infringement of the patent.

3. PATENTS ☞283(2)—INFRINGEMENT—INJUNCTION—DEFENSE — DISCONTINUANCE OF INFRINGEMENT.
  The fact that a defendant who has been guilty of infringement of a patent has later ceased such infringement does not deprive the owner of such patent of the right to an injunction against the infringement.

4. PATENTS ☞283(2)—INFRINGEMENT SUIT—EXPIRATION OF PATENT.
  If at the date of the filing of a bill charging infringement of a patent there is sufficient time, under the rules of practice of the court in which such bill has been filed, to obtain temporary injunction thereon before expiration of such patent, the court secures the necessary jurisdiction to grant whatever equitable relief may be proper, and it may retain such jurisdiction, even after expiration of the patent, notwithstanding the fact that no temporary injunction was actually issued or separately asked, and despite the contention that the law affords an adequate relief by an action for damages.

5. PATENTS ☞313—INFRINGEMENT SUIT—MOTION TO DISMISS.
  A bill charging infringement of a patent will not be dismissed on the ground that the mere examination of the patent showed that it was void on its face, except in cases where the patent seems so clearly invalid that the taking of testimony thereon is manifestly useless.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity.   Bill by the Stromberg Motor Devices Company against Holley Bros. Company and others.   On motion to dismiss.   Motion denied.

Brown, Hanson & Boettcher, of Chicago, Ill., for plaintiff.

Whittemore, Hulbert & Whittemore, Paul B. Moody, and Angell, Bodman & Turner, all of Detroit, Mich., for defendants.

TUTTLE, District Judge.  This is a motion to dismiss the bill of complaint herein.  The bill charges infringement by the defendant of two patents on automobile carburetor improvements owned by plaintiff, and prays for the usual temporary and permanent injunctions and accounting against all of the defendants.  No separate application, however, for a temporary injunction was made, and no such injunction was issued.  The bill was brought against defendant corporation and certain individual defendants, and it charges that the defendants last mentioned are and have been stockholders of, and have in the past owned, controlled, directed, supervised, and managed, the defendant corporation, and that they now continue so to do, and that said defendant corporation and the other defendants, both as individuals and as stockholders as aforesaid, have infringed the patents in suit, and are continuing, preparing, and threatening to do so in the future, and are preparing, aiding, and encouraging others so to do.

The motion to dismiss is based upon grounds which may be grouped as follows:  (1) That the defendant corporation was dissolved in accordance with the statutes of the state of Michigan prior to the filing of the bill herein;  (2) that such corporation has not, since the end of the year 1917, manufactured, sold, or used carburetors of any kind; (3) that the individual defendants were connected with the manufacture, sale, and use of carburetors prior to the end of 1917 only as managers and supervisors of said defendant corporation, and not as individuals;  (4) that since the time when the defendant corporation ceased, as already alleged, to manufacture, sell, or use carburetors, the individual defendants have not, as officers, stockholders, or directors of said corporation, or as individuals, made, used, or sold carburetors;  (5) that at no time prior to the filing of the bill herein has any one notified any of the defendants of any claims of infringement under either of the patents in suit;  (6) that one of said patents, the so-called Ahara patent, expired by limitation on October 15, 1918, 17 days after the date of the filing of such bill;  (7) that the other of said patents, the so-called Mingst patent, is void on its face for lack of novelty and of invention.  These contentions will be discussed in the order named.

[1] (1–5) It is clear that the first five of the objections to the sufficiency of the bill, as just stated, cannot be passed upon or considered upon this motion to dismiss the bill, as they are all based on allegations of facts contradictory to positive averments in such bill. It is elementary that on such a motion the allegations of material facts which are well pleaded in the bill must be accepted as true for the purposes of the motion, and that only defenses in point of law aris-

ing upon the face of the bill may be raised in this manner and called up and disposed of by the court before final hearing. Equity Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi); Tompkins v. International Paper Co., 183 Fed. 773, 106 C. C. A. 529; Krouse v. Brevard Tannin Co., 249 Fed. 538, 161 C. C. A. 464; Edwards v. Bodkin, 249 Fed. 562, 161 C. C. A. 488.

[2] In this connection, however, it may not be amiss to point out that the mere fact, if it be a fact, that the only acts of the individual defendants in manufacturing, selling, or using infringing devices were performed by them as officers or directors of the defendant corporation, does not necessarily relieve them from liability as infringers in this suit. Graham v. Earl, 92 Fed. 155, 34 C. C. A. 267; National Cash Register Co. v. Leland, 94 Fed. 502, 37 C. C. A. 372; Harrington v. Atlantic & Pacific Telegraph Co. (C. C.) 143 Fed. 329; Saxlehner v. Eisner, 147 Fed. 189, 77 C. C. A. 417; Brennan & Co. v. Dowagiac Mfg. Co., 162 Fed. 472, 89 C. C. A. 392; Steber Machine Co. v. Randon Milling Co. (D. C.) 217 Fed. 796; Reed v. Cropp Concrete Machinery Co., 225 Fed. 764, 141 C. C. A. 90.

[3] Nor does the fact that a defendant who has been guilty of infringement of a patent has later ceased such infringement deprive the owner of such patent of the right to an injunction against the infringer, since if the latter act in good faith the injunction can do him no harm, while the former should not be compelled to rely for his protection upon the mere promise of one who has already infringed the patent not to do so again. Sawyer Spindle Co. v. Turner (C. C.) 55 Fed. 979; Matthews & Willard Mfg. Co. v. National Brass & Iron Works (C. C.) 71 Fed. 518; General Electric Co. v. New England Electric Mfg. Co., 128 Fed. 738, 63 C. C. A. 448.

[4] (6) It is urged that the life of the Ahara patent in suit expired by limitation 17 days after the date of the filing of the bill, and that as no relief had been granted before that time, and it then became impossible for the court to grant the equitable relief prayed so far as the Ahara patent was concerned, the nature of the suit, so far, at least, as regards this patent, was thus converted into that of an ordinary action to recover damages, for which plaintiff had an adequate remedy at law.

While the decisions of the courts on this question are not entirely in accord, I am satisfied that the correct rule is now established to the effect that if at the date of the filing of a bill charging infringement of a patent there is sufficient time, under the rules of practice of the court in which such bill has been filed, to obtain a temporary injunction thereon before the expiration of such patent, the court acquires the necessary jurisdiction to grant whatever equitable relief may be proper, and it may retain such jurisdiction even after the expiration of the patent, notwithstanding the fact that no temporary injunction has been actually issued or separately asked. Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392; Adams v. Bridgewater Iron Co. (C. C.) 26 Fed. 324; Kittle v. De Graaf (C. C.) 30 Fed. 689; Bradner Adjustable Hanger Co. v. Waterbury Button

Co. (C. C.) 106 Fed. 735; W. W. Sly Mfg. Co. v. Central Iron Works, 201 Fed. 683, 120 C. C. A. 264.

As there was ample time, according to the rules of this court, after the filing of the bill in the present case, to obtain a temporary injunction if a motion therefor had been made, I have no doubt that this court has acquired jurisdiction over the subject-matter of the suit, and that it ought to now retain such jurisdiction, and make such disposition of the case after the final hearing as the facts and the law shall require.

[5] (7) Defendants contend that the Mingst patent is invalid upon its face for alleged lack of novelty and of invention. I have carefully considered this contention, and the arguments in support thereof, but I am not prepared to hold that the questions of novelty and invention here involved are so free from doubt upon a mere examination of the patent that such patent should be adjudged void without the allowance to plaintiff of an opportunity to present its testimony on such questions. I am impressed with the wisdom and justice of the rule that a court should not exercise its power to hold a patent void on its face for want of patentability, except in cases where the patent seems so clearly invalid that the taking of testimony thereon appears to be manifestly useless. Western Electric Co. v. North. Electric Co., 135 Fed. 79, 67 C. C. A. 553; Stillwell v. McPherson, 183 Fed. 586, 106 C. C. A. 354; Gilbert Mfg. Co. v. Post & Lester Co. (C. C.) 189 Fed. 81; American Safety Device Co. v. Liebel-Binney Construction Co., 243 Fed. 575, 156 C. C. A. 273.

Without expressing any opinion upon the merits of the Mingst patent, I am satisfied that such patent should not be held void upon its face.

For the reasons stated the motion to dismiss the bill must be denied, and an order will be entered in conformity with the terms of this opinion.