## LATHROP v. RICE & ADAMS CORPORATION.

(District Court, W. D. New York. May 2, 1925.)

Courts ⬅➡352—Patent infringement and accounting suit held not transferable to law side of court as a matter of right.

Action for injunction against infringement of patent and for an accounting *held* not transferable to law side of court, under equity rule No. 22, as a matter of right, on theory that plaintiff had adequate remedy at law, though patent was about to expire within a short time and temporary injunction had been denied; such injunction having been denied in the exercise of court's discretion.

In Equity. Suit by Harry D. Lathrop against the Rice & Adams Corporation. On defendant's motion to transfer action to law side of court. Denied.

Joshua R. H. Potts, of Chicago, Ill., for plaintiff.

Mitchell & Staples, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. This is a motion to transfer the above-entitled action to the law side of the court. It is an action to restrain infringement of a patent owned by plaintiff, and a preliminary injunction was demanded, but upon hearing the motion it was ruled that, since the patent would expire within a short time, and as it was denied that defendant sold the infringing washing machines, an injunction pendente lite should be denied. There had been a prior decree in the District Court of Illinois in an action against a customer of defendant, wherein the patent in suit was held valid and infringed, and it appeared that defendant here was in privity therewith. In the circumstances, plaintiff had a right, at the time this action was instituted, to commence in equity and to assert that right to an injunction existed.

The cases cited by defendant on the point that an adequate remedy at law existed at such time, and a remedy at law only existed, are not strictly in point. As said in W. W. Sly Mfg. Co. v. Cent. Iron Works, 201 F. 683, 120 C. C. A. 264: "If, however, facts existed when suit was commenced which might, in any view, sustain an injunction, the question is not then one of jurisdiction, but one of discretion in the exercise of jurisdiction."

Moreover, the bill seeks to recover an accounting for profits and damages, and accordingly the injunction was not the only equitable relief sought. Clark v. Wooster, 119 U. S. 322, 7 S. Ct. 217, 30 L. Ed. 392; Tompkin v. International Paper Co., 183 F. 773, 106 C. C. A. 529; Standard Fashion Co. v. Magrane Houston Co., 259 F. 793, 170 C. C. A. 593; Bradner Adjustable Hanger Co. v. Waterbury Button Co. (C. C.) 106 F. 735. And in Kittle v. De Graaf (C. C.) 30 F. 689, Judge Cox substantially said that the fact that the patent in that case expired three weeks after the commencement of the action, standing alone, would not be sufficient ground to deny equity jurisdiction; that as the allegations of the bill entitled complainant to equitable relief at the time the action was brought, though only for a short period and on narrow grounds, the cause should not be dismissed. There are many adjudications that uphold this view.

I must therefore hold that the relief sought in the bill was grantable, and it was only denied by the court in the exercise of its discretion, and the requested transference to the law side under equity rule 22 must be denied.