CONSOLIDATED SAFETY VALVE Co. *v.* ASHTON VALVE Co. and others. (Two Cases.)[1]

*(Circuit Court, D. Massachusetts.　January, 1886.)*

1. PATENTS FOR INVENTIONS—BILL IN EQUITY—EXPIRED PATENT.

In a bill filed more than a year after the patent expired, an injunction was asked against the use or sale of infringing devices, should any be found in defendant's possession, and also against the use of the tools and paraphernalia of infringement made during the life of the patent for the purpose of infringement. *Held,* that the bill was not for discovery in aid of a suit at law, but was a bill for discovery and relief, and as such within the decisions in *Root* v. *Railway Co.*, 105 U. S. 189, and *Lord* v. *Whitehead,* 24 Fed. Rep. 801.

2. SAME—RICHARDSON VALVE—PATENT No. 85,963.

On motion for preliminary injunction, complainant relied on the decision of the supreme court sustaining the Richardson patent. *Consolidated Valve Co.* v. *Safety Valve Co.*, 113 U. S. 157; S. C. 5 Sup. Ct. Rep. 513. *Held,* that if applicable to the present case, that decision would, of course, be conclusive; but, there being a doubt whether defendants' device came within it, a preliminary injunction was refused.

3. SAME—OFFICERS OF CORPORATION AS DEFENDANTS.

A demurrer by two of the defendants, officers of the corporation defendant, based upon the ground that they had no connection with the alleged infringement, overruled.

In Equity.

*Thomas W. Clarke,* for complainant.

*James E. Maynadier,* for defendant.

COLT, J. The bill in equity No. 2,164, brought upon patent No. 58,294, granted to George W. Richardson, which expired September 25, 1883, is not a bill for discovery in aid of a suit at law, but is a bill for discovery and relief, and as such it falls within the decisions of *Root* v. *Railway Co.*, 105 U. S. 189, and *Lord* v. *Whitehead,* 24 Fed. Rep. 801. Equitable jurisdiction is sought to be sustained on the ground that the bill seeks relief, by way of injunction, against

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

the use or sale by the defendants of any of the valves embodying the invention, should any be found in their possession, and also against the use of the tools and paraphernalia of infringement made during the life of the patent for the purpose of infringement. In a bill in equity, brought more than a year after the patent has expired, we do not see how an injunction can be granted under the allegations of the bill in respect to the matters prayed for, and we do not think the cases cited by plaintiff's counsel sustain his position. For these reasons the demurrer of the defendants must be sustained, and the bill dismissed.

The bill in equity No. 2,165, brought upon patent No. 85,963, dated January 19, 1869, granted to George W. Richardson, prays for a preliminary injunction. The complainant relies upon the decision of the supreme court, sustaining the Richardson patents. *Consolidated Valve Co.* v. *Safety Valve Co.*, 113 U. S. 157; S. C. 5 Sup. Ct. Rep. 513. We recognize the binding authority of that decision, and, if applicable to the present case, it is, of course, conclusive. But upon this point we have a doubt. There is much going to show that the supreme court construed the Richardson patents to cover a valve in which the outlet from the huddling-chamber was smaller than the inlet, and that this was one of the main features of the invention. In the case before us the outlet is larger than the inlet. Whatever opinion the court may come to upon a full hearing on the merits of the case, we do not think the complainant's right to a preliminary injunction so free from doubt that the court should grant it. Under these circumstances the motion must be denied.

The demurrers of two of the defendants, Ashton and Reed, officers of the defendant corporation, based upon the ground that they have no connection with the alleged infringement, are overruled. It is clear that they are proper parties to the bill.