## CORNELY *v.* MARCKWALD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 293. Argued April 26, 1889.—Decided May 13, 1889.

The decision in *Rude v. Westcott*, 130 U. S. 152, affirmed that the payment of a sum in settlement of a claim for an alleged infringement of a patent cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owner of the patent in other cases of infringement.

Where a plaintiff seeks to recover damages because he has been compelled to lower his prices to compete with an infringing defendant, he must show that his reduction in prices was due solely to the acts of the defendant, or to what extent it was due to such acts.

Where he seeks to recover damages for the loss of the sale of infringing machines which the defendant has sold, he must show what profit he made on his own machines.

IN EQUITY. The case is stated in the opinion.

*Mr. Benjamin F. Lee*, for appellant.

*Mr. William A. Coursen* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity brought by Emile Cornely against Freeman D. Marckwald, for the alleged infringement of letters patent No. 83,910, granted to Cornely, as assignee of Antoine Bonnaz, the inventor, for an "improvement in sewing-machine for embroidering." There was an interlocutory decree for the plaintiff, establishing the validity of the patent and its infringement, and ordering a reference to a master to take an account of profits and damages.

The master reported that the defendant had made a profit of $142.92, by the sale of 26 infringing machines; and that he was not a wilful and deliberate infringer. As to damages, he reported that the plaintiff had instituted ten suits against other infringers on the patent, all of which, with one exception, were settled on the basis of $50 for each infringing machine; that the plaintiff claimed that that afforded a proper measure of damages, on the basis of an established license fee; that there was a deviation in one instance because, as was stated by a witness, the case presented "circumstances of exceptional hardship," but what the circumstances were did not appear; that it did not appear that licenses were issued to any one other than in the settlement of a suit, or that the plaintiff had adopted the sum of $50 as a sum on the payment of which he was prepared to grant a license to any and all who wished to use the invention; and that the facts did not warrant the measurement of the damages by a fixed and established license fee.

The master also reported that the plaintiff claimed that he had been forced to lower his prices to compete with the defendant; that the evidence did not show that any reduction in prices by the plaintiff was solely due to the acts of the defendant, or to what extent it was due to such acts; that as to damage to the plaintiff from the loss of the sale of machines which the defendant had sold, it did not appear what profits the plaintiff made on his machines, or what it cost to make

them; and that, therefore, such damage could not be computed, and could not be reported as exceeding the nominal sum of six cents.

The plaintiff excepted to the report, and, on a hearing, the court made a decree, (23 Blatchford, 163,) overruling the exceptions, and confirming the report, and awarding to the plaintiff the $142.92, with interest and costs, except the costs on the accounting subsequent to the master's draft report and the costs on the exceptions, which two items of costs it awarded to the defendant. The plaintiff has appealed from so much of the decree as awards to him no damages beyond the six cents.

The Circuit Court, in its opinion, held, that evidence of payments made for infringements was incompetent to establish a price as for a fixed royalty; that, as to loss by the plaintiff from the diversion of sales, he had failed to give any evidence showing the cost of his machines, or what his profits would have been; that, as there was no basis for a computation of the loss of profits, the determination of the master was correct; and that his conclusion was proper as to the alleged loss of the plaintiff by reason of the enforced reduction of his prices.

We concur in these views. As to the question of an established license fee, the case is governed by the recent decision of this court in *Rude* v. *Westcott*, 130 U. S. 152, where it was held that the payment of a sum in settlement of a claim for an alleged infringement of a patent "cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owner of the patent in other cases of infringement."

*Decree affirmed.*