KEYES et al. v. PUEBLO SMELTING & REFINING CO.

*(Circuit Court, D. Colorado. July 2, 1890.)*

PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—MEASURE OF DAMAGES.
    A sum paid in settlement of a claim for infringement of a patent cannot be taken as a standard to measure the value of the patented article, in determining the damages caused by another case of infringement. Following *Rude* v. *Westcott*, 130 U. S. 152, 9 Sup. Ct. Rep. 463.

In Equity.
*G. G. Symes* and *R. E. Foot*, for complainants.
*C. E. Gast* and *Thomas Macon*, for defendant.

CALDWELL, J. The case of *Winfield Scott Keyes and others* v. *The Pueblo Smelting & Refining Company*, No. 2,097, has been submitted on exceptions to the master's report. The court does not propose to do more this morning than simply state its conclusions.

The plaintiffs established their right to a patent for an improved method of smelting ores by a decree of this court rendered by Mr. Justice MILLER. Thereupon it was referred to a master to take and state an account of the gains and profits that had resulted to the defendants, and the damages that had resulted to the plaintiffs by reason of the use of this patented process by the defendant. The master has made his report, to which both parties have filed exceptions. The master reports that the gain or profit by the defendant by the use of the plaintiffs' patented process was $10,887.54. The defendant excepted to that finding. The proof supports the finding of the master, and the exception is overruled, and the master's report and findings as to the gains and profits, namely, $10,887.54, is confirmed.

The master proceeded to make an inquiry as to the damages that the plaintiffs had sustained by reason of the use of this patented process by the defendant, and he reports that the damages sustained, on the basis that he takes for ascertaining them, are $28,450.60. The defendant has excepted to that finding of the master, and this exception is sustained on the authority of the supreme court of the United States. I am unable to distinguish this case from two recent cases (*infra*) decided by that court, in which they lay down the rule that the payment of a sum in settlement of a claim for an alleged infringement of a patent cannot be taken as a standard to measure the value of improvements patented, in determining the damages sustained by the owner of the patent in other cases of infringement.

Now, the master reports that—

"The complainants have not shown by the receipt of license fees, which they claim to have established, a satisfactory measure of damages; but since 1882 it appears that in a majority of instances there has been paid to them by persons using their improvement the sum of $1,115.38 by way of compromise per furnace; and it appears that in the instances in which they were paid a less sum during that time other considerations than the payment of the money operated to reduce the price. * * * I find that the sum of $1,115.38, payable at the completion of a furnace for that furnace, with interest from the time of completion, furnishes a fair value for the computation of complainant's damages in the premises."

It will be seen that the basis of the master's finding is the sum paid by other infringers by way of compromise. The supreme court of the United States have decided, in two well-considered cases, that this is not a proper standard by which to measure the damages in such cases. The first case is that of *Rude* v. *Westcott*, 130 U. S. 152, 164, 165, 9 Sup. Ct. Rep. 463, in which the court, speaking by Mr. Justice FIELD, says:

"It is clear that a payment of any sum in settlement of a claim for an alleged infringement cannot be taken as a standard to measure the value of the improvements patented in determining the damages sustained by the owners of the patent in other cases of infringement. Many considerations other than the value of the improvements patented may induce the payment in such cases. The avoidance of the risk and expense of litigation will always be a potential motive for a settlement. * * * Sales of licenses made at periods years apart will not establish any rule on the subject, and determine the value of the patent. Like sales of ordinary goods, they must be common, —that is, of frequent occurrence,—to establish such a market price for the article that it may be assumed to express, with reference to all similar articles, their salable value at the place designated. In order that a royalty may be accepted as a measure of damages against an infringer, who is a stranger to the license establishing it, it must be paid or secured before the infringement complained of. [None of these parties paid anything here until after the infringement of the patent.] It must be paid by such a number of persons as to indicate a general acquiescence in its reasonableness, by those who have occasion to use the invention; and it must be uniform at the places where the licenses are issued. Tested by these conditions, the sums paid in the instances mentioned, upon which the master relied, cannot be regarded as evidence of the value to the defendants of the invention patented."

In a still later case this doctrine is affirmed, in an opinion delivered by Mr. Justice BLATCHFORD, in this language, (*Cornely* v. *Marckwald*, 131 U. S. 159, 9 Sup. Ct. Rep. 744:)

"As to the question of an established license fee, the case is governed by the recent decision of this court in *Rude* v. *Westcott*, 130 U. S. 152, [9 Sup. Ct. Rep. 463,] where it was held that the payment of a sum in settlement of a claim for an alleged infringement of a patent 'cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owner of the patent in other cases of infringement.'"

It will be observed by reference to the master's report that the standard adopted by him in this case, to measure the value of the improvements patented in determining the plaintiff's damages, is precisely the one the supreme court says cannot be taken, and furnishes no basis for a decree for damages. The exception to that part of the report awarding damages is sustained. All other exceptions to the report, both by plaintiffs and defendant, are overruled. The decree will be entered in accordance with the rulings of the court, and a prayer for appeal by both parties will be entered and allowed.