## BRAGG MANUF'G CO. v. CITY OF HARTFORD.

(Circuit Court, D. Connecticut. May 24, 1893.)

**1. PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—EXPIRATION OF PATENT.**
A bill for an injunction to restrain the infringement of a patent, filed only four days before the patent expires, is demurrable where no preliminary injunction is asked, since it would be impossible to obtain a final decree before expiration of the patent. American Cable Ry. Co. v. Chicago City Ry. Co., 41 Fed. Rep. 522, followed.

**2. SAME—DEMURRER—PUBLIC POLICY.**
The objection that public policy forbids the issuance of an injunction cannot be raised by demurrer to the bill, since that is a question addressed to the discretion of the court, especially where the bill alleges that complainant has reason to fear that defendant will continue his infringements.

**3. SAME—LACHES.**
The mere fact that eight years elapse between the rendition of a judgment declaring a patent valid and the filing of a bill to restrain its infringement does not render the bill demurrable on the ground of laches.

In Equity. Suit by the Bragg Manufacturing Company against the city of Hartford for infringement of certain patents. On demurrer to the bill. Sustained in part and overruled in part.

Eaton & Lewis and Charles L. Burdett, for complainant.
T. E. Steele and Albert H. Walker, for defendant.

TOWNSEND, District Judge. This is a bill in equity, filed July 9, 1892, for an injunction and accounting by reason of the alleged infringement of reissued letters patent No. 6,831, and of letters patent No. 173,261, both patents being issued to Robert Bragg for improvements in fire-alarm gong apparatus. The defendant demurs to the whole bill on the following grounds, namely:

"First. That the said bill does not contain any matter of equity whereon this court can ground any decree, or give to the complainant any relief against this defendant. Second. That the complainant is not entitled, upon said bill, to the relief prayed for, because it has a plain, adequate, and complete remedy at law. Third. That no injunction could ever have been, or can now be, lawfully granted in pursuance of said bill, because public policy forbids any discontinuance of the said defendant's use of any apparatus which may infringe either of the letters patent upon which said bill is based." "Fifth. That the said bill shows that the complainant, and also the assignors from which the complainant derived title to the letters patent upon which the bill is based, are chargeable with laches, in not sooner prosecuting what-

ever right of action in equity it or its assignors may have had against the said defendant on account of said letters patent or either of them."

Defendant further demurs to the bill, so far as it is based upon reissued letters patent No. 6,831, on the following additional ground, namely:

"Fourth. That, so far as said bill is based upon reissued letters patent of the United States No. 6,831, said bill was filed so shortly before the expiration of that patent that no motion for an injunction could have been regularly notified to the defendant and heard by the court, until after that expiration."

This fourth ground of demurrer will be first considered. The bill was filed four days before the date of the expiration of this patent. The rule is established in Root v. Railway Co., 105 U. S. 189, that equity only takes jurisdiction of suits for infringement where it appears from the bill that complainant is entitled to an injunction or other equitable relief. The test of jurisdiction applied in the later cases is whether the bill is filed in season to enable complainant, under the practice and rules of court, to move for and obtain an injunction before the expiration of the patent. It does not appear that in any of the cases cited by complainant the bill was filed so short a time before the expiration of the patent as in this case. In Singer Manuf'g Co. v. Wilson Sewing Mach. Co., 38 Fed. Rep. 586, cited by complainant, Judge Blodgett sustained the jurisdiction because the 4½ months between the commencement of the suit and the expiration of the patent would have allowed time for answer, proofs, and final hearing during the life of the patent. But in American Cable Ry. Co. v. Chicago City Ry. Co., 41 Fed. Rep. 522, Judge Blodgett, interpreting the rule in the light of the intimations in Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. Rep. 217, dismissed the bill on demurrer where the patent had 14 days of life when the bill was filed, and where no application had been made for a preliminary injunction. This view was approved in American Cable Ry. Co. v. Citizens' Ry. Co., 44 Fed. Rep. 484. See, also, Washburn Manuf'g Co. v. Freeman Wire Co., 41 Fed. Rep. 410. Inasmuch as in this case no application was made for a preliminary injunction, and none could, "by the course of the court," have been obtained until after the expiration of the patent, and as the defendant's appearance was not due until 18 days thereafter, I think that equity has no jurisdiction of the claims under reissued patent, No. 6,831. The fourth ground of demurrer is sustained.

The third ground of demurrer is that public policy and complainant's interests would be infringed by the issuance of the injunction. But these claims, if true, are addressed, not to the jurisdiction of the court, but to its discretion. And the question as to the exercise of such discretion cannot be determined upon the complaint alone. It does not necessarily appear therefrom, nor from any judicial notice which the court is authorized to take, that an injunction against the infringement of patent No. 173,261 would cause any public injury or inconvenience, such as caused the court to deny the injunction in Southwestern Brush Electric Light & Power Co. v. Louisiana Electric Light Co., 45 Fed. Rep. 893. Furthermore, the demurrer admits not merely the use of the patented in-

ventions by defendant for its engine houses, but also that defendant has made a large number of said inventions, and that complainant has reason to fear that, unless defendant is enjoined, it will continue to make the same. Upon these facts the court has the power to grant an injunction. It cannot be assumed, without further evidence, that such power will not be exercised, upon a proper case being made out. The third ground of demurrer is overruled.

The fifth ground of demurrer alleged is laches. It appears that both the patents in suit were adjudged valid in test cases, some eight years ago. It is unnecessary to consider, on this demurrer, what would have been the effect of such delay, in view of other litigation, upon the right to a preliminary injunction, or an account of past profits. The court may still entertain jurisdiction of the cause, where any equitable relief is sought, provided the plaintiff has not been guilty of laches. Root v. Railway Co., 105 U. S. 189; Burdell v. Comstock, 15 Fed. Rep. 395; Dick v. Struthers, 25 Fed. Rep. 103; 3 Rob. Pat. 1,093, 1,094. It does not necessarily appear on the face of the bill that the complainant's delay was such as to constitute laches. The disposition of this question may be properly deferred for a consideration of all the facts upon final hearing. The fifth ground of demurrer is overruled.

The first and second grounds of demurrer, alleging want of equity in the bill, and that complainant has an adequate remedy at law, are also overruled.