McDONALD et al. v. MILLER et al.

(Circuit Court, E. D. Wisconsin. January 7, 1898.)

PATENT INFRINGEMENT SUITS—EQUITY JURISDICTION.

A bill in equity for infringement of a patent is not maintainable when it is filed only a few days before the patent expires, and when there is no showing of special circumstances requiring the issuance of an injunction for the time the patent has to run. The mere formal right to an injunction without the actual need or intention to exercise it is not sufficient in such a case.

This was a suit in equity by James S. McDonald, trading under the name of J. S. McDonald & Co., and the Samuel Hano Company against Henry C. Miller and others, for alleged infringement of a patent. The cause was heard on demurrer to the bill.

Elliott & Hopkins, for complainants.

Benedict &.Morsell, for defendants.

SEAMAN, District Judge. Upon the facts stated in the bill of complaint, even after allowing the amendment tendered at the hearing, I am of opinion that equitable interference is neither necessary nor proper for protecting any rights the complainants may have in the matters charged, and that the demurrer must be sustained. The bill alleges infringement of letters patent No. 224,529, issued February 17, 1880, to Samuel Hano, for an improvement in copying books, assigned to the complainant August, 1893.. It was filed January 26, 1897, only 22 days before the expiration of the patent, and the subpœna was not returnable until after the expiration. No special circumstances are alleged to call for equitable relief, aside from the ordinary case of infringement. It is true that an injunction pendente lite is one of the forms of relief prayed for, but there was no actual application to that end, and apparently no intention to invoke such relief, as there was no allegation in the bill as filed of a state of facts upon which to found it, under the rule clearly established in this circuit in Standard Elevator Co. v. Crane Elevator Co., 9 U. S. App. 556, 6 C. C. A. 100, and 56 Fed. 718, and subsequent cases. Unless a right existed to present injunctional relief when the action was commenced, I can find no allegation of wrong for which there may not be adequate legal remedy. The right to such injunction may not depend wholly upon the allegations of the bill, but may appear by supplemental showing when application is made, so that the absence of apt allegations in the former would not necessarily bar the application. Neither would the failure to apply for an injunction within the life of the patent operate of itself to deprive the case of equitable cognizance, even when the jurisdiction was acquired through the right to such relief. But the doors of equity are open only to those who come with clear showing of right, for which no adequate redress can be afforded at law, and the jurisdiction over causes for patent infringement is not excepted from this requirement. The need of injunctional relief—temporary or permanent, one or both—generally constitutes the main ground, and is often the sole ground for entertaining the cause. The

claim and the need must be bona fide, not a mere technical right or assertion, but of the essence of relief sought. In this case, as the patent was within a few days of expiration, there could, of course, be no permanent injunction, and the only basis for its support in equity is the possible right to a temporary injunction for this brief period. If that right exists, and the immediate acts of infringement appear liable to produce serious injury, I have no doubt such state of facts, properly alleged, would sustain a bill for complete redress in equity. But it seems to me equally clear, upon the principles of equity, and under the authorities as well, that to obtain recognition for this extreme case special equities must be set forth in the bill; that both the right to the present injunction, upon which jurisdiction hinges, and the necessity for enforcement, must clearly appear; that the right which runs with the grant of a patent, and which may be sufficient for the ordinary case, where a considerable period of the promised monopoly remains, is insufficient here without a showing of substantial benefit to be obtained through this strong arm of equity, and that the injunction is earnestly sought and intended as a primary object of the action; that such relief must be the purpose, and not the mere excuse or makeshift, for resort to the forum of equity; that a formal right alone, without the actual need or intention of its exercise, will not suffice; and that the bill in question fails to make the showing of special circumstances requisite in that view to call for the interference of equity. The following authorities support the general proposition, at least, and seem to me decisive: Root v. Railway Co., 105 U. S. 189; Hayward v. Andrews, 106 U. S. 672, 1 Sup. Ct. 544; Keyes v. Mining Co., 158 U. S. 150, 15 Sup. Ct. 772; Russell v. Kern, 34 U. S. App. 90, 16 C. C. A. 154, and 69 Fed. 94. The case of Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, upon which counsel for complainant relies for maintaining the bill, is distinguishable upon the facts, and does not appear to intend modification of the rule held in the cases above cited. In Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, the trial court having proceeded to a decree without objection by the defendant, it was held that, jurisdiction appearing "at the inception of the suit, even though upon a narrow ground,"—namely, the present right to an injunction,—retention of the bill, under the circumstances, was so far discretionary that the decree would not be reversed; but the opinion clearly recognizes the general doctrine as above indicated.

The amendment which complainant tendered at the hearing, by an allegation of public acquiescence in the validity of the patent, etc., and which was then allowed, must now be treated as purely formal, and not designed to accomplish the actual issuance of preliminary injunction, and, so viewed, does not furnish the allegation of special equity which is deemed essential. I further incline to the opinion that the bill is insufficient in failure to show proper diligence upon the part of complainant, or that the infringement by defendant was recently discovered. The demurrer is sustained.