## McCUNE v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Third Circuit. May 6, 1907.)

### No. 21.

PATENTS—ACTION AT LAW FOR INFRINGEMENT—PROOF OF DAMAGES.

 In an action at law to recover damages for the infringement of a patent, where there is no established market value or license fee, general evidence is admissible to show the extent of the plaintiff's damages from the infringement, and he is entitled to show the utility and advantages of the invention over old devices, as a basis from which the jury may estimate the extent of his loss.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 420, 421.]

In Error to Circuit Court of the United States for the Western District of Pennsylvania.

J. M. Martin, for plaintiff in error.

Robert J. Fisher, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below James B. Mc-Cune, the plaintiff in error, brought an action at law against the Baltimore & Ohio Railroad Company to recover damages for infringement of a patent granted to him May 18, 1886, for a locomotive ashpan. The patent had expired before suit brought. McCune had never granted a license, established a royalty, or manufactured and sold the patented device. There was testimony tending to prove the defendant infringed the patent. Thereupon the plaintiff offered to prove the utility and advantages of his patented device, that it had been appropriated and used by a number of other railroads, and that this use, being without his consent, prevented the establishment of a market value therefor. This offer the court rejected, and directed a verdict for the plaintiff for nominal damages. Whereupon the plaintiff sued out this writ and assigned for error the rejection of this testimony.

It is clear to us the rejected testimony was in substance the same as that admitted in Suffolk Co. v. Hayden, 70 U. S. 318, 18 L. Ed. 76. There "no sales had been made of the patent right by the plaintiff or of licenses for the use of it, so as to establish a patent or license fee as a criterion by which to ascertain the measure of damages." The court below admitted evidence as to the uses and advantages of this improvement over previous methods of cleaning cotton. In affirming this action Justice Nelson said:

"There being no established patent or license fee in the case, in order to get at a fair measure of damages, or even an approximation to it, general evidence must necessarily be resorted to. And what evidence could be more appropriate and pertinent than that of the utility and advantage of the invention over the old modes or devices that have been used for working out similar results? With a knowledge of these benefits to the persons who have used the invention, and the extent of the use by the infringer, a jury will be in possession of material and controlling facts that may enable them, in the exercise of a sound judgment, to ascertain the damages, or, in other words, the loss to the patentee or owner by the piracy, instead of the purchase, of the use of the invention."

The statute of July 8, 1870 (Rev. St. § 4919 [U. S. Comp. St. 1901, p. 3394]), made no change in the rule of damages in actions at law thus established. In Birdsall v. Coolidge, 93 U. S. 69, 23 L. Ed. 802, where Suffolk Co. v. Hayden, supra, was cited with approval, Justice Clifford, referring to the act of 1870 says:

"Where the suit is at law, the measure of damages remains unchanged to the present time; the rule still being that the verdict of the jury must be for the actual damages sustained by the plaintiff."

In Root v. Railway Co., 105 U. S. 198, 26 L. Ed. 975, Justice Matthews made an exhaustive review of the patent statutes and decisions and cited Suffolk Co. v. Hayden as deciding that "in case where there is no established patent or license fee in the case, or even an approximation to it, general evidence must necessarily be resorted to"; and in Tilghman v. Proctor, 125 U. S. 143, 8 Sup. Ct. 894, 31 L. Ed. 664, it was again cited, in a full review of the patent cases bearing on damages, for the proposition that license fees and royalties are generally, "though not always, taken as the measure of damages."

It will thus be seen that Suffolk Co. v. Hayden has been approvingly cited and considered as authority for the principle, therein enunciated, that, in the absence of license fee or royalty, other proof can in an action at law be resorted to, to show the damage done to the owner of the patent. The law thus announced is conclusive of the case before us, unless Suffolk Co. v. Hayden was overruled by the Supreme Court in Coupe v. Royer, 155 U. S. 567, 15 Sup. Ct. 199, 39 L. Ed. 263. Assuredly the case is not overruled by name, and the question there involved and decided does not require a reversal by implication. In that case, which was an action at law, the court below had held "that whatever value has been received by the defendants through the use of this invention, so much has been taken from the plaintiffs, and they are entitled to have it restored to them." The Supreme Court, however, after stating the rule in equity was that the gains and profits of the infringer could be recovered, says:

"At law the plaintiff is entitled to recover, as damages, compensation for the pecuniary loss he has suffered from infringement, without regard to the question whether the defendant has gained or lost by his unlawful acts; the measure of recovery in such cases being, not what the defendant has gained, but what plaintiff has lost."

It was accordingly said:

"It is evident, therefore, that the learned judge applied the wrong standard in instructing the jury that they should find what the defendants might be shown to have gained from the use of the patented invention."

It will thus be seen the court below had followed in an action at law the rule of damages applicable only in a case in equity. The Supreme Court reversed on that question. It made no change in the established rule in equity cases for it expressly approved Tilghman v. Proctor. It announced no purpose to change or modify the rule in law cases, and therefore in them Suffolk Co. v. Hayden stands as the settled rule of damages.

Stress is laid, however, upon the extract from the opinion that:

"The evidence disclosing the existence of no license fee, no impairment of the plaintiff's market, in short, no damages of any kind, we think the court should have instructed the jury, if they found for the plaintiffs at all, to find nominal damages only."

We cannot regard this language as at variance with the rule, laid down in the Suffolk Case, that, in the absence of license and royalty fees, other evidence may be received. Indeed, it seems to us it is a recognition of the doctrine of that case, that other evidence may be resorted to in the absence of established royalty and license fees. And that this is the case is shown by the syllabus, which summarizes the decision in the language:

"In an action at law, * * * when the evidence discloses the existence of no license fee, no impairment of the plaintiff's market, no damages of any kind, the jury should be instructed, if they find for the plaintiff, to find nominal damages only."

Holding, then, as we do, that Suffolk Co. v. Hayden is unreversed and unqualified by Coupe v. Royer, it follows the court below erred, its judgment must be reversed, and the case remanded, with directions to grant a new trial.