McSHERRY MFG. CO. et al. v. DOWAGIAC MFG. CO.

(Circuit Court of Appeals, Sixth Circuit.   July 23, 1908.)

No. 1,667.

1. APPEAL AND ERROR—REVIEW.

Where the master, on an accounting in a suit for infringement of a patent, has made a finding of damages in favor of the complainant, and the action of the Circuit Court in overruling an exception to such finding is assigned as error, on appeal the duty is imposed on the Appellate Court to examine the evidence to ascertain whether there was any legal evidence to sustain the finding.

[Ed Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4011–4018.]

2. SAME—DAMAGES RECOVERABLE.

Where complainant, in a suit for infringement, has based its claim to recover damages on its loss of profits on sales prevented by defendants' sale of infringing articles, but has failed to prove by competent evidence that it would have made such sales, it cannot change its ground in the appellate court and recover on the basis of a reasonable royalty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1070–1078.]

On Petition for Rehearing.

For former opinion, see 160 Fed. 948.

COCHRAN, District Judge. 1. Counsel for appellee notes the fact that the quotation made in the opinion from Walker on Patents is from the first edition thereof, and that, though the statement quoted was carried into the second edition, it was omitted from the third and fourth. It is uncertain whether he claims that this quotation states the law incorrectly. No inference can be drawn from its omission from the later editions of his work that Walker thought that it did. The same law is stated there, though in somewhat different and more expanded form. Possibly in saying that the patentee must "show" certain things he put the matter too strongly, as this word might be taken to mean that the patentee must demonstrate the existence of those things. To prevent such misconception, in the second edition, he added these words:

"But these points may be sufficiently established without being demonstrated, because demonstration would generally be impossible and because every reasonable doubt relevant thereto is to be resolved in favor of the plaintiff."

In the fourth edition he put the matter in this way. He said that evidence as to the patentee's ability to supply the articles "must be direct and strong" and as to whether the persons who bought the infringing articles from the infringer would have bought them from the

patentee had no infringer interfered, "though not necessarily direct, must at least be legitimate circumstantial evidence," and where the infringement was wanton it "need not be so strong as where it was unintentional or was the result of error of information or of judgment."

In this connection we would direct attention to the decision of the Supreme Court in the case of Boesch v. Graff, 133 U. S. 697, 10 Sup. Ct. 378, 33 L. Ed. 787. There, the patentee granted no licenses and had no established license fee, but supplied the demand for the patented article, a lamp burner, and was able to supply the demand. The damages claimed were on account of reduction of prices, the right to recover which stands on exactly the same ground as damages on account of lost sales. The master had found that the infringement was willful, wanton, and persistent, and for plaintiff as to the damages claimed, and his action had been affirmed by the lower court. On appeal the decree was reversed. Mr. Chief Justice Fuller said:

"When, however, a plaintiff seeks to recover because he has been compelled to lower his prices to compete with an infringing defendant, he must show that his reduction in prices was due solely to the acts of the defendant, or to what extent it was due to such acts. Cornely v. Marckwald, 131 U. S. 159, 9 Sup. Ct. 744, 33 L. Ed. 117. There must be some data by which the actual damages may be calculated. New York City v. Ransom, 23 How. (U. S.) 487, 16 L. Ed. 515; Rude v. Westcott, 130 U. S. 152, 9 Sup. Ct. 463, 32 L. Ed. 888."

It was held that there were no such data in that case, because, as the master had found, there had been on sale in the market during the infringing period lamp burners of the same general class as plaintiff's. Here we have that exact situation. Owing to the fact that during the infringing period many other shoe grain drills besides appellant's, infringing and not infringing, and other grain seeding machinery, were to be found on sale in the market in competition with appellee, it is impossible to say how many, if any, of the sales made by appellant were sales lost by appellee.

2. The result of our consideration of the evidence before the master was a conclusion that there was no legal evidence whatever that appellee would have sold any certain number, at least, of its shoe grain drills to appellant company's customers had it not sold them, and we took pains to set forth quite fully the substance of that evidence. In the elaborate brief filed in support of the petition for rehearing no attempt is made to attack this showing in any substantial particular; but it is claimed that in so carefully considering that evidence—"wading through it," according to counsel—we have assumed the function of a master, which we had no right to do. The master had found in favor of the appellee the profits which it would have made had it sold the number of shoe grain drills which appellant company sold in addition to those which it did sell. To this finding the appellant company excepted. This exception imposed on the lower court, and the assignment of that court's ruling against the exception imposed on this court, the duty of considering the evidence carefully to see if there was any legal evidence to support this finding, and that is what we did.

3. It is urged very earnestly that appellee is entitled to a reasonable royalty on the shoe grain drills sold by the appellant company. In support of this position a certain statement in the first three editions of Walker on Patents (section 563), and the authorities cited in support thereof are relied on. That statement is in these words:

"Where damages cannot be assessed on the basis of a royalty, nor on that of lost sales, nor on that of hurtful competition, the proper method of assessing them is to ascertain what would have been a reasonable royalty for the infringer to have paid."

In his fourth edition, Walker put the matter thus:

"Where damages cannot be assessed on the basis of a royalty, nor on that of lost sales, nor on that of hurtful competition, only nominal damages can be recovered for the infringement of a patent."

He thereby eliminated a reasonable royalty as an element of damages in a patent infringement case. This he did on the authority of City of Seattle v. McNamara, 81 Fed. 863, 26 C. C. A. 652.

It is urged that that decision was wrong, and that Walker erred in following it. The case of McCune v. Baltimore & Ohio Railroad Company, 154 Fed. 63, 83 C. C. A. 175, is cited as showing this.

We note that all the cases cited by Walker or by counsel for appellee which bear on the question of reasonable royalty were actions at law. This is a suit in equity in which appellee has sought and obtained a decree for the profits made by appellant company on shoe grain drills sold by it. Before, then, the question as to the right to recover a reasonable royalty in any case can be approached here, it must be held that a royalty, fixed or reasonable, can be recovered in equity as damages when plaintiff has sought and been allowed the profits made by defendant. But we do not find ourselves called on to determine this question, or the further question whether in any case a reasonable royalty can be recovered. It is sufficient to say that in the brief filed in support of the petition for rehearing for the first time in this case has it been urged that appellee was entitled to a reasonable royalty. Possibly in a case like this, where there have been a number of infringers, in view of the difficulty of proving in a suit against one that the sales made by him were lost by the patentee, if a reasonable royalty is recoverable, the prudent course is to sue for such royalty instead of the profits which would have accrued to the patentee had he made the sales. This course was not taken by the appellee. It staked its case on the right to recover profits lost by it and prepared it along that line. The record does not present data from which this court can determine what would be a reasonable royalty, nor would it be proper, even if we had power, to send the case back so that appellee might abandon its claim to such profits and seek a reasonable royalty.

4. It is still insisted that appellee was balked in its effort to prove that the sales made by appellant company were sales lost by it through action of the court taken at the latter's instance in the course of the preparation of the case, and that some effect should be given to this consideration. In so far as the action complained of was that had in Minnesota, to which reference is made in the opinion, no further

answer to the complaint need be made than what was there said; but attention is called to the facts that prior to that action appellant company's bookkeeper, when on the witness stand, refused to answer a certain question, that the lower court on application by appellee refused to compel him to answer, and that this court on application by appellee refused to direct the lower court by a writ of mandamus to direct the witness to answer. The testimony called for had not the slightest relevancy to the question as to whether appellant's sales had been lost by appellee. It was simply as to the prices at which the Minnesota Moline Plow Company had sold its customers the shoe grain drills which it had purchased from the appellant company. The appellee's motion to the lower court was to require the witness to answer as to said prices and as to whether a showing as to those prices was proper evidence in the accounting. That such was the scope of the testimony sought in this instance confirms us in the view intimated in the opinion that such was the scope of the testimony sought shortly afterwards in Minnesota. The appellee was then engaged in an attempt to make out the profits arising from appellant company's sales for which it was accountable, and the testimony sought which it was prevented from producing had a bearing on this matter and none other. There is not the slightest indication in this record that the appellee desired to bring out who the customers of the Minnesota Plow Company were with a view of putting them on the stand and inquiring of them whether they would have bought appellee's shoe grain drill had they not bought that of appellant company or in any other way through this information making this out. Appellant company's bookkeeper in his testimony gave the name of every customer it had for its shoe grain drill and the exact number and kind of shoe grain drills purchased by him. Yet this information was not followed up in any way to show that any of these customers would have purchased of appellee had they not bought of appellant company. Appellee, through its agents, knew exactly where appellant company came into competition with it, and how many, if any, of its old customers bought of appellant company instead of it. Certain of its managing agents testified, as pointed out in the opinion, as to certain customers lost by appellee. Yet this information and testimony was not followed up by any definite testimony tending to show how many sales appellee lost. We do not mean to intimate that the testimony of any of appellant company's customers that they would have bought of appellee had they not bought of it, with nothing else, would be sufficient to make out that appellee lost those sales. We express no opinion on this subject. The record indicates that appellee thought, as did the master and the lower court, that it was sufficient to make out a case of lost sales, that appellee could have supplied the shoe grain drills sold and appellant company was a wanton infringer, and that it is simply an afterthought that if it had not been for the refusal of said witnesses to answer in the particulars stated, and said courts had made them answer, the evidence would have been fuller along this line than it is.

5. It is further urged that the decree should be affirmed as to the individual defendants, because they filed no exceptions to the master's

report. It is thought that, notwithstanding the appellant ·company is not liable for any damages on account of lost sales, and it duly excepted to the master's report, the individual defendants, its officers, are liable because they did not except also. We do not find it necessary to decide whether they were bound to except also had the report included them. It is sufficient to say in response that the report was against the appellant company only. This was probably the reason why the exceptions were filed by it alone.

The petition for rehearing is overruled.