T. W. & C. B. SHERIDAN CO. et al. v. ROBERT O. LAW CO.

(Circuit Court of Appeals, Seventh Circuit. April 13, 1909.)

No. 1,530.

PATENTS (§ 283*)—SUITS FOR INFRINGEMENT—EQUITY JURISDICTION.

Where no special equities are pleaded, a suit in equity cannot be maintained for infringement of a patent which expired before the suit was brought.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 448; Dec. Dig. § 283.*]

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The bill filed December 19th, 1907, was in the usual form for an injunction (no prior adjudication or other special equity being set forth) restraining the infringement of letters patent No. 493,553, issued March 14th, 1893, and letters patent, No. 428,741, issued May 27th, 1890, upon machines for covering books and binding books—the latter patent expiring May 27th, 1907, about seven months before the commencement of the suit.

To the bill appellees filed a demurrer on the ground that the bill showed a misjoinder of an expired and a living patent, thereby making the bill multifarious. Upon the demurrer having been sustained by the court below, appellant elected to stand thereby, and thereupon the bill was dismissed, and this appeal taken.

A. G. N. Vermilya, for appellant.

Dwight B. Cheever, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above), delivered the opinion.

The court below, with the acquiescence of counsel for both parties, treated the demurrer as raising the question whether, no special equities having been pleaded, the complainant was entitled to an injunction upon a patent that had expired. Upon the authority of Root v. Railway Company, 105 U. S. 189, 26 L. Ed. 975, and other decisions, notably Consolidated Safety Valve Company v. Ashton Valve Co. (C. C.) 26 Fed. 319, we are of the opinion that in answering this question in favor of the appellee, the court committed no error. True, as intimated by Judge Seaman, in McDonald v. Miller (C. C.) 84 Fed. 344, a patent being about to expire, there may be special circumstances entitling the patentee to an injunction against the manufacture of infringing devices pending the expiration of the patent; as for instance, the manufacture of a supply of articles covered by the patent preparatory to their being put upon the market the moment the patent expires; for such manufacture within the time of the patent, in contemplation of providing the market, the moment the patent expires, would be a distinct damage to the monopoly of the patentee, who is entitled, against the manufacturer as well as against the user, to the injunction of "hands off" until the patent has actually expired.

But no such special equities are shown in this case. The appellee is a user, not a manufacturer. It made no preparation, prior to the expiration of the patent, to flood the market—the whole act complained of being its preparation to use the patent in its business as a binder of books, after the patent had expired. And if as the result of such preparation the appellant has suffered any injury, a full remedy is furnished at law.

The decree of the Circuit Court is affirmed.