## TOMPKINS v. INTERNATIONAL PAPER CO.

(Circuit Court of Appeals, Second Circuit. December 12, 1910.)

No. 84.

PATENTS (§ 301*)—INFRINGEMENT—EXPIRATION OF PATENT—BILL—ADEQUATE REMEDY AT LAW.

Complainant filed a bill for infringement of a patent, praying for an injunction and for an accounting of profits and damages. The bill was filed the day prior to the expiration of the patent, and averred that during the six years next prior to the filing of the bill complainant had not made, used, nor sold his process, nor any part thereof, that he had obtained no financial advantage from his invention, nor had he sustained any actual damage during such period by the enjoyment of the invention by others. *Held* that, since the bill was sufficient to sustain an ad interim restraining order, and complainant had no adequate remedy at law, the bill was not demurrable, because filed so short a time before the expiration of the patent that no motion for an injunction could have been regularly made.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 491; Dec. Dig. § 301.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Bill by John D. Tompkins against the International Paper Company. From a decree sustaining a demurrer to the bill, and dismissing it, plaintiff appeals. Reversed.

Prindle & Wright (E. J. Prindle and Arthur Wright, of counsel), for appellant.

J. C. Pennie, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The bill is the usual one for infringement of a patent, praying that defendant be enjoined and be decreed to account for profits and damages. The bill was filed August 15, 1908, subpœna served August 17th, and the patent expired the following day, August 18th. The bill was demurred to as without equity, because complainant had a plain adequate and complete remedy at law, and because the bill was filed so shortly before the expiration of the patent that no motion for an injunction could have been regularly notified to the defendant and heard by the court (Circuit Court, Southern District of New York), under its rules, before the expiration of the patent. The rule referred to is No. 36, which provides that:

"Notices of * * * motions, argument or hearing shall be served at least four days before the time of hearing."

It was held in Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975, that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained; that such relief ordinarily is incidental to some other equity, the right to enforce which secures to the patentee his standing in court; that the most general ground for equitable interposition is to insure to the patentee the en-

joyment of his specific right by injunction against a continuance of the infringement. In that case the bill was filed after the expiry of the patent sued on, and was dismissed because it recited no circumstances which would render an action at law for the recovery of damages an inadequate remedy for the wrongs complained of, and that no ground for equitable relief was presented.

In Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392, the Supreme Court held that, if the suit be begun in such time that an injunction can be obtained before the expiration of the patent, it is within the discretion of the court to take jurisdiction, and, if it does so, it may, without enjoining the defendant, proceed to grant the other incidental relief sought for. Although there was not sufficient time to give four days' notice of motion for injunction, it was within the power of the court upon the filing of the bill to issue an order to show cause returnable in some shorter time and grant an ad interim restraining order, which would have been in substance and effect an injunction. It seems immaterial to inquire whether or not complainant could have sustained an application for injunction or restraining order on the merits. If before the expiration of the patent he is actually in court with a bill upon which he could ask for an immediate injunction, and there was time enough to make such injunction operative if it were granted, it is not easy to see why, under the decision in Clark v. Wooster, the court would not be entitled to take jurisdiction.

Nevertheless there are authorities the other way. Miller v. Schwarner (C. C.) 130 Fed. 561; American Cable Co. v. Chicago (C. C.) 41 Fed. 522; Bragg v. Hartford (C. C.) 56 Fed. 292; Davis v. Smith (C. C.) 19 Fed. 823; Diamond Machine Co. v. Seus (C. C.) 159 Fed. 497. We prefer, therefore, to rest our decision on the other proposition contended for by the appellant, viz.: That complainant has not a plain, adequate, and complete remedy at law.

In Root v. Railway Company, supra, immediately after the passage which has been already referred to, the court says:

"Grounds of equitable relief may arise other than by way of injunction, as where the title of the complainant is equitable merely, or equitable interposition is necessary on account of the impediments which prevent a resort to remedies purely legal; and such an equity may arise out of, and inhere in, the nature of the account itself, springing from special and peculiar circumstances which disable the patentee from a recovery at law altogether, or render his remedy in a legal tribunal difficult, inadequate, and incomplete; and as such cases cannot be defined more exactly, each must rest upon its own particular circumstances, as furnishing a clear and satisfactory ground of exception from the general rule."

The bill of complaint avers:

"That during the six years next previous the filing of this bill of complaint your orator has not made, used, nor sold his process, nor any part thereof, he has obtained no financial advantage from said invention, nor has he sustained any actual damage in said period from the enjoyment of said invention by others."

Assuming that these are the facts, as we must assume on demurrer, it is manifest that complainant in an action at law could recover nominal damages only. He could not prove loss of license fees, because

he had no established license fee; nor could he show that he lost sales, because he was not in fact selling at all; nor could he show reduction in prices through competition, because there was no competition; nor that his market was destroyed by the infringer, because he was not undertaking to establish a market. In these particulars the case differs from Suffolk Company v. Hayden, 70 U. S. 315, 18 L. Ed. 76, where the statement of facts indicates merely that:

"No sales had been made of the patent right by the plaintiff, or of licenses for the use of it, so as to establish a patent or license fee as a criterion by which to ascertain the measure of damages."

For aught that appears in that case, plaintiff may have sold or tried to sell the patented machine, and failed to do so because of the infringement, and, being thus deprived of his market, the jury was allowed to assess the damages, as best they could, on general evidence. We are unable to concur with the Court of Appeals in the Third Circuit, who in McCune v. Baltimore & Ohio R. R., 154 Fed. 63, 83 C. C. A. 175, give a construction to this opinion broader, as it seems to us, than the facts in Suffolk Company v. Hayden call for.

In a later decision of the Supreme Court, Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199, 39 L. Ed. 263, which was an action of trespass on the case brought to recover damages for infringement of a patent, the court states the rule as we have understood it, namely, that when the evidence not only fails to disclose the existence of a license fee, but also indicates that there has been no impairment of the plaintiff's market, the jury should be "instructed, if they found for the plaintiff at all, to find nominal damages only."

The patentee's remedy at law would seem to be inadequate, if because of his failure to establish a license fee, or to endeavor to market his invention, he has lost the right to recover more than nominal damages, while under a suit in equity there could be recovered the actual profits, possibly large, which defendant made by his unlawful piracy of plaintiff's invention. The case stated in the bill seems to bring it within the category set forth in Root v. Railway Company, as one where "the remedy in a legal tribunal is difficult, inadequate, and incomplete."

The decree is reversed, with costs of this appeal, and cause remanded, with instructions to overrule the demurrer.