## LE ROY v. DE VRY CORPORATION.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 105.

1. Equity ⊜⟹1—Equitable jurisdiction does not of itself authorize equitable relief.

Existence of equitable jurisdiction does not of itself prove propriety of granting equitable relief.

2. Patents ⊜⟹294—Jurisdiction of patent infringement suit, filed shortly before expiration of patent, does not require issuance of injunction.

Because court has jurisdiction of patent infringement suit, filed three days before expiration of patent, it does not necessarily follow that injunction should issue.

3. Patents ⊜⟹301(3)—Injunction seven months after expiration of patent, forbidding use or sale of articles made before expiration, held unjustifiable.

Injunction issued in patent infringement suit, seven months after expiration of patent,

restraining use or sale of any device manufactured or assembled prior to expiration of patent, *held* unjustifiable.

**4. Patents ⬦301(3)—Injunction after expiration of patent held improper, in absence of showing defendant had stock of infringing articles for placing on market.**

In absence of showing that alleged infringer had any stock or supply of infringing articles in preparation for placing on the market, injunction seven months after expiration of patent, forbidding sale or use, *held* improper.

**5. Patents ⬦288—In absence of showing that remedy at law was inadequate, patent infringement bill cannot be sustained as one for accounting only.**

Bill alleging infringement, and for injunction and accounting, *held* not sustainable on equity side of court, as one for accounting only, in absence of either averment or proof that remedy at law was inadequate.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Jean A. Le Roy against the De Vry Corporation. Decree for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Appeal from interlocutory decree in equity, entered in the District Court for the Southern District of New York.

Suit is upon patent 864,314. The bill alleges infringement, and prays "for an injunction in the form usual in such cases and for an accounting." The bill was apparently filed on August 26, 1924. Certainly the subpœna issued on that day and the patent expired on August 27th. Subpœna was served on August 29th.

Defendant answered, denying jurisdiction in equity and also alleging invalidity, laches, and such unfair conduct on plaintiff's part as to deprive him of the right to seek equitable relief.

Defendant's solicitor of record resided in New York, but was not skilled in patent causes. Its counsel lived in Chicago, and he really directed the litigation. The solicitor failed to keep watch on the movement of the calendar, and the case appeared for trial without the knowledge of counsel and while he was in Chicago. Application for adjournment was denied. The solicitor had no material for defense, and plaintiff proceeded to "take a default."

No application had ever been made for an injunction pendente lite, and the bill did not pray for one. The evidence submitted on the default showed nothing, except the statement of witnesses that a certain machine had been bought from defendant in New York which did embody certain claims of the patent.

This default was taken some seven months after the patent expired, and thereupon a decree was entered declaring infringement and restraining defendant "from directly or indirectly making, * * * using, * * * or selling * * * any device (embodying the claims in suit) manufactured, made, or assembled prior to the expiration of said letters patent, to wit, August 27, 1924."

The decree referred the matter to a master for an accounting, and an injunction following the language of the decree duly issued. Defendant, having unsuccessfully moved to open the default, took this appeal.

Fred Gerlach, of Chicago, Ill., and Louis J. Rosett, of New York City, for appellant.

George W. Case, Jr., of New York City, for appellee.

Before HOUGH, HAND, and MACK, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The existence of equitable jurisdiction does not of itself prove the propriety of granting equitable relief. The line of decisions suggested by this appeal furnishes illustrations of this truth.

[2] Against a general demurrer, we held in Tompkins v. International, etc., Co., 183 F. 773, 106 C. C. A. 529, that there was jurisdiction in equity to entertain—i. e., consider—a bill filed three days before expiration of patent. But it does not follow that, because jurisdiction exists, an injunction should issue, much less that an injunction must issue.

[3] There are cases (see Walker [5th Ed.] § 698) holding in substance that a defendant, who had infringed and at expiration of patent had on hand a quantity of the patented article, made or obtained by him before expiration, might be enjoined from disposing of the same on the ground that the things were infringements when made, and to use or dispose of them after expiration prevented the full enjoyment of the patent monopoly by its owner. The doctrine seems to have been introduced by Wheeler, J., in several of the cases cited in the text-books. This court has never given adherence to that doctrine; but it is not necessary to go into the matter now because, first, the injunction actually issued cannot be justified, because seven months after the patent monopoly ended this injunction puts on this defendant the duty of ascertaining at its peril whether a once-patented article, obtained by it at any time from any one and anywhere, had been in fact manufactured by any one anywhere before August

27, 1924. We cannot discover that any case has ever gone so far.

[4] But, second, there was no ground for granting an injunction, even along the lines first above indicated, because there is nothing in the bill and nothing in the evidence showing, or tending to show, that defendant had any stock or supply of infringing articles which it was preparing to put upon the market.

We avoid discussion of the question whether, after patent expiration, or upon the very eve of expiration, any injunction at all can issue, because it has been thought that there is a contradiction on this point between Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975, and cases following it, and Clark v. Wooster, 119 U. S. 322, 7 S. Ct. 217, 30 L. Ed. 392, and some subsequent cases following that decision. See them collated by Holt, J., in Diamond, etc., Co. v. Seus (C. C.) 159 F. 497. It is enough for our present purposes that, as above stated, no case justifies any injunction on such a record as this.

It remains to inquire whether the bill can be sustained as one for an accounting only, as was done in this court in Tompkins v. St. Regis Paper Co., 236 F. 221, 149 C. C. A. 411, where the bill was sustained, though brought for an accounting upon a patent that had expired some four years before bill filed. In that case, however, it is set forth at great length (page 223) that special circumstances must be shown, calculated to induce belief that plaintiff's remedy at law is not adequate, and the ground of the holding was that the suit for accounting is an independent ground of equitable jurisdiction, available when law is inadequate even for the owner of an expired patent.

[5] This case cannot be sustained on the equity side of the court on any such ground; there is neither averment nor proof that plaintiff's remedy at law is inadequate. There is a line of cases holding that, where special circumstances are shown, and in addition there is time between the filing of the bill and the expiration of the patent to obtain relief by temporary injunction, equity will retain jurisdiction, even though no injunction pending suit is granted or even asked for. American Sulphite Pulp Co. v. Crown, etc., Co. (C. C.) 169 F. 140; Sheridan Co. v. Law Co., 172 F. 223, 97 C. C. A. 27; Stromberg Co. v. Holley Co. (D. C.) 260 F. 220. We do not think they benefit appellee, but the matter need not be considered now, because no cases go further in supporting jurisdiction than the two Tompkins causes in this court; yet on this record neither of them helps the plaintiff.

Decree reversed, with costs, and cause remanded, with directions to transfer it to the law side of the court below; further, that the court below direct a repleader; also that, if plaintiff does not file and serve a complaint at law within 30 days after the filing of the mandate herein, the suit shall be dismissed, with costs.