MOORE, Circuit Judge,
concurring-in-part and dissenting-in-part.
I agree with the majority that 28 U.S.C. § 1292(c)(2) provides us with jurisdiction over district court judgments that are final except for a determination of damages. But I cannot join the majority’s holding that § 1292(c)(2) gives us jurisdiction when willful infringement remains outstanding. The statute carves out a limited circumstance in which we have jurisdiction over interlocutory appeals — specifically, actions that are “final except for an accounting.” No reasonable construction of an “accounting” can encompass the subjective state-of-mind and objective recklessness inquiries that underpin a willful infringement analysis. Because willfulness remains outstanding before the district court, we lack jurisdiction over this appeal and I respectfully dissent from the majority’s contrary holding.
Exceptions to the final judgment rule should be narrowly construed. See Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867-68, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); Coopers & Lybrand v. Livesay, 437 U.S. 463, 474, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); Cobbledick v. United States, 309 U.S. 323, 324-25, 60 S.Ct. 540, 84 L.Ed. 783 (1940). That rule stems from the strong presumption that parties should raise all issues in a single appeal, rather than inefficiently litigate their case in pieces. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).
The majority recognizes that in enacting the predecessor to § 1292(c)(2), “Congress gave the term ‘accounting’ its judicially settled meaning,” namely proceedings before a Special Master “to determine the infringer’s profits and the plaintiffs damages.” Maj. Op. at 1312. When Congress codified the predecessor to § 1292(c)(2), an “accounting” was a determination of damages. As the majority explains, prior to enacting the statute, “courts regularly used the terms ‘account’ and ‘accounting’ to refer to the special master’s determination of both an adjudged infringer’s profits and a patentee’s damages.” Maj. Op. at 1310. The Senate Report accompanying the statute expressly states that an “accounting” is the referral to a Special Master “to ascertain plaintiffs damages and defendant’s profits.” S.Rep. No. 69-1319, at 1 (1927). Congress could not have been clearer — an appeal can be had when the case is final but for an accounting' — when all that is left “to ascertain plaintiffs damages and defendant’s profits.” Id. This construction is consistent with the general understanding of the term. See, e.g., Irv *1321 ing R. Kaufman, Masters in the Federal Courts: Rule 53, 58 Colum. L.Rev. 452, 457 (1958) (“Generally, an accounting involves a mechanical application of general investigatory and accounting principles apd is often required under circumstances where much exploratory work into books and records is essential.”). Hence, when there has been a determination of infringement liability and all that remains is an assessment of the amount of damages due, a patent case can be appealed. Damages can properly be bifurcated by the district court and an appeal of the merits of the liability determination can be had — the statute clearly allows for this.
The majority, however, exceeds its statutory authority when it allows an appeal to occur even though no decision has been reached on a claim of willful infringement. Whether an infringer acted willfully is not, under any reasonable construction, part of an “accounting.” To prove willfulness, the patentee must show that “the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.” In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed.Cir.2007) (en banc). “If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer.” Id. The willfulness determination requires the fact finder to consider the state of mind of the infringer as well as the reasonableness of the defenses it presented. Certainly the plain meaning of the term “accounting” does not include a determination of intent and whether it was reasonable to rely upon certain nonin-fringement or invalidity defenses. The determination of willfulness is no more a calculation of damages then the determination of infringement liability. The plain meaning of “accounting” simply cannot support what the majority seeks to do and the legislative history fully supports the plain meaning.
The majority defends its contorted definition of “accounting” on the ground that that a handful of past cases establish that “willfulness may be tried as part of an accounting.” Maj. Op. at 1319. None of those cases, however, establish that Congress understood that an accounting includes the substantive determinations of knowledge, intent and reasonableness. In fact, none of those cases even hold that a determination of willfulness is part of an accounting. At most, the majority’s cases loosely state in the background that a Special Master performed an “accounting” and also determined willful infringement. E.g., Cornely v. Marckwald, 131 U.S. 159, 160, 9 S.Ct. 744, 33 L.Ed. 117 (1889) (stating that the district court referred the cáse to a master to “take an account of profits and damages,” and the master reported that the infringement was not “willful and deliberate”). But Special Masters often performed more than a strict “accounting” in patent infringement actions brought in equity. In Los Angeles Brush Manufacturing v. James, for example, the Court upheld a district court’s referral of “all matters of fact and law” to a Special Master, which could include damages and willful infringement. 272 U.S. 701, 703, 706-08, 47 S.Ct. 286, 71 L.Ed. 481 (1927). And it was not unique for proceedings before a Special Master in patent infringement actions to include more than a strict “accounting.” See Neale, Inc. v. McCormick, 19 F.2d 320, 321 (9th Cir.1927) (finding that judges in the Southern District of California had, over a one year period, referred 30 out of 40 patent infringement actions to a Special Master for hearing). In light of this uncertainty, we should not let a handful of cases with loose language cause us to ignore the plain meaning of § 1292(c)(2) and gut the final judgment rule.
*1322 The circuit court case upon which the majority principally relies does not show that the plain meaning of “accounting” included a determination of willfulness. The majority asserts that Pyle National Co. v. Lewin, 92 F.2d 628 (7th Cir.1937), shows that willfulness was “part of an accounting.” Maj. Op. at 1818-19. But Pyle does not discuss willfulness. Pyle holds that the court should not decide to treble damages until after it has determined how much the damages are. 92 F.2d at 681-32. The Pyle court held that the amount to enhance compensatory damages is part of the accounting. Id. at 632. I agree. To determine how much a compensatory award ought to be enhanced, you must first know the amount of the compensatory award and this can properly be considered part of an accounting. To be clear, after the fact finder has determined that the infringer was willful, then the court (not the fact finder) determines whether to enhance damages and by how much. This determination, the amount by which the damages ought to be enhanced, is separate from the determination of willfulness. In fact, in many cases where the fact finder has found the infringer willful, the court does not enhance the compensatory damages at all. This is the inquiry, how much to enhance damages, that Pyle referred to.[1] And this inquiry, the amount of enhanced damages to award, could reasonably be considered part of an accounting; but not the predicate finding of willfulness which is like the predicate finding of infringement itself.
Indeed, many cases during the relevant time period give the term “accounting” its plain and ordinary meaning — the determination of damages. See, e.g., Artmoore Co. v. Dayless Mfg. Co., 208 F.2d 1, 2-3 (7th Cir.1953) (explaining that the district court referred the case to a Special Master for “an accounting” after the court first found that the defendants’ actions constituted “willful and wanton infringement”); Helfrich v. Solo, 59 F.2d 525, 525 (7th Cir.1932) (stating that the patentee sought, “[i]n addition to ... an accounting for the infringement,” treble damages based on “the wanton and aggravated character of the infringement”); Rockwood v. Gen. Fire Extinguisher Co., 37 F.2d 62, 62-63, 66 (2d Cir.1930) (treating an accounting as different from the determination to increase the Special Master’s determination of damages because “[t]he infringement was not wanton and deliberate”); Sw. Tool Co. v. Hughes Tool Co., 98 F.2d 42, 43, 45-46 (10th Cir.1938) (upholding the district court’s pre-accounting finding that a defendant had “willfully and knowingly participated in the acts of infringement”).
Lacking any compelling authority contrary to the plain meaning of § 1292(c)(2), I cannot conclude that an “accounting” includes a determination of willful infringement. An “accounting” entails numerical calculations, not an inquiry into a party’s state of mind in the face on an objectively high risk of infringement. Once a finding of willfulness has been made, the determination of whether and how much to enhance damages could certainly be considered part of an accounting. Similarly, once liability has been determined, the amount of damages can be part of an accounting. But just as the underlying liability determination, i.e. the finding of *1323 infringement, is not part of the accounting, neither is the underlying willfulness determination. If there were any doubt as to the scope of an “accounting,” basic principles of statutory construction mandate that we adopt a narrow view of the term.
District courts may in some instances prefer to allow piecemeal appeals, especially given the historically high reversal rate of issues such as claim construction. And I can’t say that I blame them for wanting it. But the way to address this problem is by giving proper deference to the district court’s claim construction, not to contort the meaning of accounting and ignore the final judgment rule. There is no sound basis upon which to twist the statute and introduce such inefficiency into the judicial system. Accordingly, I dissent from the majority’s holding that we have jurisdiction over this appeal.

. The majority also relies upon Patterson-Ballagh Corp. v. Moss, 201 F.2d 403, 408 (9th Cir.1953). Like Pyle, it does not establish that an "accounting” included a determination of willfulness. Patterson-Ballagh instead explains that "it is permissible for the District Court to determine the question of willful infringement subsequent to the report of the Master.” 201 F.2d at 408 (emphasis added) (collecting cases). Like Pyle, Patterson-Bal-lagh tends to show that a determination of willful infringement is not part of a Special Master’s "accounting.”